# AKIN GUMP
## STRAUSS HAUER & FELD LLP
Attorneys at Law

REGINALD STEER
415.765.9520/fax: 415.765.9501
rsteer@akingump.com

May 27, 2008

*Via Electronic Filing and Hand Delivery*

The Honorable Vaughn R. Walker
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Valent U.S.A. Corp. and Sumitomo Chemical Co., LTD v. Sygenta Crop Protection Inc.*
Case No. CV0800720 VRW

Dear Chief Judge Walker:

Plaintiffs in the above-referenced action respectfully submit this letter pursuant to Standing Order 1.5 and request leave to submit a short motion requesting leave to promptly commence limited discovery. Such an order is permitted by Rule 26(e) of the Federal Rules of Civil Procedure. We have requested the consent of counsel for the defendants and they refuse to consent.

In December 2008, Plaintiffs plan to make clothianidin and offer it for sale as a pesticide to be used on certain genetically modified crops during the 2009 planting season. The fundamental question in this case is whether plaintiffs' sales of clothianidin will violate the '469 patent, which defendants own. Plaintiff Sumitomo tried diligently to negotiate with the defendants and their alleged co-exclusive licensee. Indeed, plaintiffs filed this lawsuit only after 15 months of efforts to bring those parties to the negotiating table were unsuccessful.

Because of such pre-filing efforts, the timing of this case has become of greater importance to plaintiffs; delaying discovery and resolution even a few months can potentially delay the introduction of the product for a year, since the relevant seed treating and planting seasons are annual.

Defendants have filed a motion to dismiss, asserting that no justiciable controversy exists between the parties. The defendants' motion is set for hearing on August 16, 2008, while a case management conference is set for September 18, 2008. The plaintiffs recognize that the law permits defendant Syngenta to have its motion to dismiss heard. But the pendency of that

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

The Honorable Vaughn R. Walker
May 27, 2008
Page 2

motion does not mean that the Court should not make other orders in this case,[1] and plaintiffs urge that substantial cause exists to initiate discovery now, a few months early.

As one example, the plaintiffs requested Syngenta to produce a certain license agreement between Syngenta and a third party (Bayer) because Syngenta's motion to dismiss relies heavily upon the asserted existence of this license agreement. Syngenta refuses to produce the agreement.

Again, we are mindful of both the Court's need to control its calendar and of Syngenta's desire to limit the burden of this litigation while its motion to dismiss is pending. Indeed, plaintiffs have made every effort to expedite the progress of this case by granting only a two week extension of time for Syngenta to answer or otherwise respond, by consenting to exercise of all jurisdiction by a United States Magistrate Judge and by attempting to expedite the exchange of information informally between the parties. Also, our motion, if allowed, will address appropriate limitations on the discovery that would take place while the dismissal motion is pending. Plaintiffs will continue to make every effort to move the case forward because delay itself will produce an unjust result.

Sincerely,

*Reginald D. Steer*

Reginald D. Steer

---

[1] See *Nielsen v. Merck & Co.*, 2007 U.S. Dist. LEXIS 21250, 2007 WL 806510 (N.D. Cal. Mar. 15, 2007).

6245447 v2