

Stanford Research Park ▪ 3300 Hillview Avenue ▪ Palo Alto, CA 94304-1203 ▪ 650.849.6600 ▪ Fax 650.849.6666
www.finnegan.com

**ERIK R. PUKNYS**
650.849.6644
erik.puknys@finnegan.com

May 29, 2008

The Honorable Vaughn R. Walker  **VIA Electronic Filing**
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    *Valent U.S.A. Corp. and Sumitomo Chemical Co., LTD v.*
    *Syngenta Crop Protection, Inc.*, Case No. CV080720 VRW

Dear Chief Judge Walker,

    In response to plaintiffs' letter to the Court dated May 27, 2008, defendant respectfully asks that the Court deny plaintiffs' request for leave to file a motion for expedited discovery.

    Promptly at the initiation of this declaratory judgment action and prior to the commencement of discovery, defendant filed a motion to dismiss this case based on the lack of subject matter jurisdiction (no case or controversy). The Court has scheduled a hearing on the motion to dismiss for August 14, 2008. The Court has also scheduled the initial Case Management Conference on September 18, 2008, a month after the hearing on the motion to dismiss and the Rule 26(f) conference is currently scheduled to occur by August 28, 2008. This scheduling by the Court logically allows for the start of costly discovery *after* the hearing on the motion to dismiss. Plaintiffs, however, seek to alter this orderly schedule and force defendant to immediately engage in expensive, time- and effort-consuming discovery which clearly would be prejudicial to defendant if the Court determines that it lacks jurisdiction.

    Courts may order expedited discovery before a Rule 26(f) conference upon a showing of good cause, *i.e.*, when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Plaintiffs, however, do not show in their letter that there is any need for discovery that overcomes the obvious prejudice to defendant if discovery is commenced before the Court has heard the motion to dismiss. Plaintiffs refer to their plans to launch a product in December 2008, but do not adequately explain how departing from the current schedule will affect their plans. Regardless of whether the Court permits early discovery, there is no reasonable possibility that what plaintiffs call the "fundamental question in this case," i.e., "whether plaintiffs' sale of clothianidin will violate the '469 patent," will be resolved before December. Moreover, plaintiffs did not ask for expedited discovery at the outset

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

The Honorable Vaughn R. Walker
May 29, 2008
Page 2

and have not asked for expedited briefing and decision on the motion to dismiss. Indeed, plaintiffs have not yet even filed their own opposition to the motion to dismiss after defendant submitted it back in mid-March. The implied urgency simply is not matched by plaintiffs' actions to date or by any apparent connection between plaintiffs' alleged marketing plans and whether discovery begins before or after the motion to dismiss is heard.

Furthermore, plaintiffs cannot now say they need to immediately commence discovery in order to respond to the motion to dismiss. The only specific document plaintiffs' letter identifies is a confidential agreement between defendant and a third party (Bayer) that is discussed in the motion to dismiss because Bayer has an exclusive license under the patent in suit. Plaintiffs, however, have long known about the exclusive license, even asserting it as fact in the complaint. *See* Complaint, ¶ 13. Moreover, plaintiffs' claim that they need this agreement is belied by the fact that plaintiffs refused defendant's offer to take the appropriate steps to provide it to them. Specifically, defendant has proposed on several occasions that the parties approach Bayer to get Bayer's permission for a mutual exchange in which defendant would provide a copy of their agreement with Bayer and plaintiffs would provide to defendant a copy of an agreement their predecessor-in-interest had with Bayer, which purportedly allows plaintiffs to "compete in the U.S. for clothianidin sales for seed treatment" after November 2008. *See id*, ¶¶ 23-24. Plaintiffs' behavior thus refutes any claim of urgency even as to that one document.

Finally, despite plaintiffs' reference to defendant's agreement with Bayer as being just "one example" of the kind of information they need to respond to the motion to dismiss, this agreement is the *only* document plaintiffs have ever expressed any interest in since they received defendant's motion to dismiss 2½ months ago. In an April 24, 2008, letter, sent 6 weeks after defendant filed its motion to dismiss, plaintiffs represented to defendant that "we are not seeking any further information from Syngenta at this time, apart from the license agreement that Syngenta describes in its pending motion [to dismiss]." That acknowledgement is directly at odds with any notion that plaintiffs need additional information to prepare their response to the motion to dismiss.

For the above reasons, plaintiffs' letter does not reveal any prospect of establishing a compelling need for discovery to overcome the prejudice and burden to defendant of costly expedited discovery that may, after the Court has heard the motion to dismiss, prove completely unnecessary. Accordingly, defendant respectfully requests that the Court deny plaintiffs authorization to file a motion to expedite discovery.

Sincerely,

/s/
Erik R. Puknys

ERP/ves