```
REGINALD D. STEER (SBN 56324)
AMIT KURLEKAR (SBN 244230)
```
**AKIN GUMP STRAUS HAUER & FELD LLP**
```
580 California Street, 15th Floor
San Francisco, California 94104-1036
Telephone:   415-765-9500
Facsimile:   415-765-9501
Email:       RSteer@AkinGump.com
```

Attorneys for Plaintiffs
VALENT U.S.A. CORPORATION
and SUMITOMO CHEMICAL COMPANY, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| VALENT U.S.A. CORPORATION and SUMITOMO CHEMICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION, INC., <br><br> Defendant. | **CASE NO. 08-CV-0720 VRW** <br><br> **DECLARATION OF JEFFREY K. SHERWOOD IN SUPPORT OF PLAINTIFFS' OPPOSITION TO SYNGENTA'S MOTION TO DISMISS THE COMPLAINT** <br><br> Hearing Date:  June 26, 2008 <br> Hearing Time:  2:30 p.m. <br> Courtroom:     Courtroom 6, 17th floor |

**DECLARATION OF JEFFREY K. SHERWOOD IN SUPPORT OF PLAINTIFFS' OPPOSITION TO SYNGENTA'S MOTION TO DISMISS THE COMPLAINT**

I, Jeffrey K. Sherwood, hereby declare as follows:

1.  I am an attorney admitted to practice in the State of Virginia and a member of the law firm of Dickstein Shapiro LLP, attorneys of record for Plaintiffs Valent U.S.A. Corporation and Sumitomo Chemical Co., Ltd. in the above-identified matter. The matters referred to in this declaration are based on my personal knowledge and if called as a witness I could, and would, testify competently thereto.

2.  Attached as Sherwood Exhibit 1 is a true and correct copy of a correspondence from myself to Erik R. Puknys dated April 2, 2008.

1. 3. Attached as Sherwood Exhibit 2 is a true and correct copy of a correspondence from Erik R. Puknys to Jeffrey K. Sherwood dated April 8, 2008.

2. 3. Attached as Sherwood Exhibit 3 is a true and correct copy of a correspondence from Jeffrey K. Sherwood to Erik R. Puknys dated April 10, 2008.

3. 4. Attached as Exhibit 4 is a true and correct copy of a correspondence from Barbara C. McCurdy to Jeffrey K. Sherwood dated April 22, 2008.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 11, 2008.    By: _____
                                    Jeffrey K. Sherwood

# EXHIBIT 1

# DICKSTEINSHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

April 2, 2008

Erik R. Puknys, Esq.
Finnegan, Henderson, Farabow, Garrett &
Dunner, L.L.P.
3300 Hillview Ave.
Pal Alto, CA 94304

Dear Mr. Puknys:

Syngenta's motion to dismiss Valent U.S.A. Corporation and Sumitomo Chemical Co., Ltd.'s complaint ("the motion") asserts that Syngenta granted a co-exclusive license to Bayer CropScience, Inc. ("Bayer") for U.S. Patent No. 7,105,469 ("the '469 patent"). (Mot. at 2). Syngenta also asserts that it cannot grant a license to the '469 patent to Valent and Sumitomo without Bayer's consent. (Mot. at 2, 8, 10). However, Syngenta did not attach a copy of the above-referenced license agreement with Bayer to the motion and Sumitomo Chemical Co. has never been given a copy. Please provide a copy of the license agreement immediately so that the plaintiffs may know its contents.

Thank you for your prompt attention to this matter.

Sincerely,

Jeffrey K. Sherwood
(202) 420-3602 direct dial
(202) 379-9509 direct fax
sherwoodj@dicksteinshapiro.com

JKS/krp

# EXHIBIT 2

## Parke, Kimberly

| | |
|---|---|
| **From:** | Puknys, Erik [erik.puknys@finnegan.com] |
| **Sent:** | Tuesday, April 08, 2008 1:32 PM |
| **To:** | Parke, Kimberly; Sherwood, Jeffrey |
| **Cc:** | Olson, Bradley; McCurdy, Barbara; Mintz, Herbert; Flibbert, Michael |
| **Subject:** | RE: Sumitomo v. Syngenta |

Dear Mr. Sherwood,

We have considered your request for the Bayer/Syngenta Agreement re the '469 patent and discussed that request with our client. Unfortunately, we do not believe we are at liberty to provide that agreement to you. In particular, the Agreement is confidential and contains sensitive business information concerning Syngenta and Bayer. At a minimum, we would need Bayer's permission to disclose it, especially in the absence of a protective order.

Further, it is my understanding that the statements in our motion to dismiss related to the Agreement are not in dispute, as evidenced by the correspondence between Syngenta and Sumitomo that was attached to the motion to dismiss (e.g., Sumitomo agreed that Syngenta required Bayer's consent in order to license the '469 patent to Sumitomo).

Sincerely,

Erik

---

From: Puknys, Erik
Sent: Fri 4/4/2008 8:42 AM
To: Parke, Kimberly; Puknys, Erik
Cc: Sherwood, Jeffrey; Olson, Bradley
Subject: RE: Sumitomo v. Syngenta

Dear Mr. Sherwood,

I am traveling right now, but will respond to your letter when I return to the office early next week.

Regards,
Erik

1

Sent from my Blackjack handheld.

-----Original Message-----
From: "Parke, Kimberly" <ParkeK@DicksteinShapiro.COM>
To: "erik.puknys@finnegan.com" <erik.puknys@finnegan.com>
Cc: "Sherwood, Jeffrey" <SherwoodJ@DicksteinShapiro.COM>; "Olson, Bradley" <OlsonB@dicksteinshapiro.com>
Sent: 4/2/2008 3:04 PM
Subject: Sumitomo v. Syngenta

Mr. Puknys,

Please see the attached letter from Jeff Sherwood.

Best regards,

Kimberly Parke
Dickstein Shapiro LLP
1825 Eye Street NW | Washington, DC 20006 Tel (202) 420-3538| Fax (202) 420-2201 ParkeK@dicksteinshapiro.com <mailto:ParkeK@dicksteinshapiro.com>


---------------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network.  If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dicksteinshapiro.com

Dickstein Shapiro LLP
http://www.DicksteinShapiro.com <http://www.dicksteinshapiro.com/>

The attorney sending this message is admitted in Virginia only; practice supervised by principals of the Firm of Dickstein Shapiro LLP resident in Washington, DC.

===================================================================
===

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

3

# EXHIBIT 3

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

Jeffrey K. Sherwood
(202) 420-3602
sherwoodj@dicksteinshapiro.com

April 10, 2008

Mr. Erik R. Puknys
Finnegan, Henderson, Farabow,
    Garrett & Dunner, L.L.P.
3300 Hillview Avenue
Palo Alto, CA 94304

      Re:   Valent U.S.A. Corporation and Sumitomo Chemical Co., LTD. v. Syngenta Crop Protection, Inc.

Dear Erik,

Thank you for discussing our request with your client.

According to your email of April 8, 2008, Bayer's consent would allow disclosure of the document, but you do not indicate whether you asked Bayer for its permission to disclose the document. On behalf of Sumitomo and Valent, please be advised that we will agree to an appropriate protective order, including an Attorneys' Eyes Only provision to protect legitimately confidential business information, in order to address this confidentiality concern and to permit disclosure of the document.

As to the remainder of your email, please be advised that the statements in your motion to dismiss certainly are in dispute. For the purpose of good faith negotiations, our client did not dispute Syngenta's statements about this alleged license agreement but since neither we nor our client have ever seen this document, we can hardly verify the document's contents or accept any statement about its contents. The exhibits to your motion do not lead to any other conclusion. In fact, your statement that Syngenta will not disclose the document to Sumitomo compels the conclusion that Sumitomo cannot, and did not, agree to its contents.

Please advise me promptly if Syngenta will agree to produce the document subject to a protective order.

Sincerely,

Jeffrey K. Sherwood

JKS/mlf

Washington, DC | New York, NY | Los Angeles, CA

DSMDB.2423822.01

# EXHIBIT 4



901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

BARBARA C. MCCURDY
202.408.4047
barbara.mccurdy@finnegan.com

April 22, 2008

Mr. Jeffrey K. Sherwood
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, DC 20006-5403

Re: Valent U.S.A. Corporation and Sumitomo Chemical Co., LTD. v. Syngenta Crop Protection, Inc., CV 08 00720 VRW

Dear Jeff:

Thank you for your letter of April 10, 2008.

In your letter, you say that Sumitomo disputes the statements in Syngenta's motion to dismiss to the effect that Syngenta cannot grant additional licenses under the '469 patent without Bayer's consent. You also represent that Sumitomo needs to see the license agreement between Syngenta and Sumitomo in order to verify that Bayer's consent is in fact required under the agreement. As mentioned in Mr. Puknys' April 8 email, we believe the exhibits attached to the motion, including Sumitomo's own correspondence, fully support Syngenta's factual allegations. Additionally, we understand Sumitomo's Complaint to present the requirement for Bayer's consent as fact, not a disputed fact. See Complaint, page 3, paragraph 13 ("Syngenta refused an amicable business resolution at least in part because Syngenta has already granted a license to Bayer AG or one of its affiliates ("Bayer") that requires Bayer's consent for any additional licenses and Bayer has refused to consent.").

We also note that Sumitomo and Valent represent in this lawsuit that an agreement or agreements it has with Bayer has constrained their own ability to begin to sell clothianidin. See Complaint, page 5, paragraphs 23-24 ("23. Valent and SCC could not sell clothianidin for seed treatment immediately, however, because the '404 patent was subject to a five year exclusive license in favor of Bayer for seed treatment. With one exception, that period of exclusivity expires in November 2008. 24. Upon such expiration, Valent and SCC can compete in the U.S. for clothianidin sales for seed treatment....".) Syngenta would like to see the Sumitomo-Bayer clothianidin agreement(s) for the same reasons that Sumitomo wishes to see the Syngenta-Bayer agreement in connection with the pending motion to dismiss.

Washington, DC ■ Atlanta, GA ■ Cambridge, MA ■ Palo Alto, CA ■ Reston, VA ■ Brussels ■ Taipei ■ Tokyo

Jeffrey K. Sherwood
April 22, 2008
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

    Therefore, notwithstanding that discovery has not commenced and that Syngenta believes it should not commence when the Court has pending before it the motion to dismiss, and although Syngenta does not believe that Sumitomo needs Syngenta's agreement with Bayer in connection with the motion to dismiss, Syngenta is willing to discuss terms under which the parties can attempt to make a limited, voluntary exchange of the respective agreements the parties have with Bayer, assuming this is the only discovery that will be asked for in connection with the briefing of the motion to dismiss. Specifically, we propose that the parties jointly seek Bayer's consent to disclose the respective agreements on an Attorneys' Eyes Only basis to protect confidential information. If Bayer consents to both disclosures being made on that basis, we can then promptly set a time for a mutual exchange.

    Please let us know if you agree with this approach, including confirming that Sumitomo will not be seeking additional discovery in connection with Syngenta's motion to dismiss.

    Best Regards,

Sincerely,

*Barbara*

Barbara C. McCurdy

BCM/sa