1  REGINALD D. STEER (SBN 56324)
   AMIT KURLEKAR (SBN 244230)
2  **AKIN GUMP STRAUS HAUER & FELD LLP**
   580 California Street, 15th Floor
3  San Francisco, California 94104-1036
   Telephone:  415-765-9500
4  Facsimile:  415-765-9501
   Email:      RSteer@AkinGump.com
5
   Attorneys for Plaintiffs
6  VALENT U.S.A. CORPORATION
   and SUMITOMO CHEMICAL COMPANY, LTD.
7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  (SAN FRANCISCO DIVISION)

11

12 VALENT U.S.A. CORPORATION           | **CASE NO. 08-CV-0720 VRW**
   and SUMITOMO CHEMICAL CO., LTD.,
13                                      | **DECLARATION OF JEFFREY K.
          Plaintiffs,                   | SHERWOOD IN SUPPORT OF
14                                      | PLAINTIFFS' MOTION TO
      v.                                | EXPEDITE DISCOVERY**
15
   SYNGENTA CROP PROTECTION, INC.,      | Hearing Date:    June 26, 2008
16                                      | Hearing Time:    2:00 p.m.
          Defendant.                    | Courtroom:       Courtroom 6, 17th floor
17

18     **DECLARATION OF JEFFREY K. SHERWOOD IN SUPPORT OF PLAINTIFFS'
19                    MOTION TO EXPEDITE DISCOVERY**

20

21         I, Jeffrey K. Sherwood, hereby declare as follows:

22         1.      I am an attorney admitted to practice in the State of Virginia and a member of the law

23 firm of Dickstein Shapiro LLP, attorneys of record for Plaintiffs Valent U.S.A. Corporation and

24 Sumitomo Chemical Co., Ltd. in the above-identified matter.  The matters referred to in this

25 declaration are based on my personal knowledge and if called as a witness I could, and would, testify

26 competently thereto.

27         2.      Attached as Sherwood Exhibit 1 is a true and correct copy of a correspondence from

28 Barbara C. McCurdy to Jeffrey K. Sherwood dated May 20, 2008.

1    I hereby declare under penalty of perjury under the laws of the United States of America that

2    the foregoing is true and correct.

3

4

Executed on June 11, 2008.                    By: _____

5                                                      Jeffrey K. Sherwood

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPORTING DECLARATION OF JEFF SHERWOOD                    Case No. 08-CV-0720-VRW

2



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

BARBARA CLARKE MCCURDY
(202) 408-4047
barbara.mccurdy@finnegan.com

May 20, 2008

Jeffrey K. Sherwood                                                VIA E-MAIL
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006-5403

> *Valent U.S.A. Corporation and Sumitomo Chemical Co., Ltd. v.*
> *Syngenta Crop Protection, Inc.,* Case No. CV 08 00720 VRW

Dear Jeff:

Thank you for your letter of May 19, 2008.

First, let me reiterate that Syngenta does not wish to engage in discovery before a hearing on its motion to dismiss, currently scheduled for August 14, 2008. *See* May 16, 2008 email letter from McCurdy to Sherwood. As set forth in the motion to dismiss, it is Syngenta's position that the court lacks jurisdiction. Engaging in months of discovery before the motion to dismiss is fully briefed and heard would be wasteful and prejudicial to Syngenta.

Syngenta agrees with the current schedule set by the court, providing for a hearing on Syngenta's motion to dismiss in advance of other case management issues and in advance of any discovery-related deadlines. Specifically, according to the latest Court Order regarding the schedule, Syngenta's Motion to Dismiss will be heard first, on August 14, 2008, and the initial Case Management Conference will occur the following month, on September 18, 2008. Thus, the 26(f) conference need only occur by August 28, 2008 and the 26(f) Report need only be filed by September 11, 2008, both after the hearing on Syngenta's motion to dismiss.

Your May 11, 2008, request that Syngenta agree to participate in a 26(f) conference on May 16, 2008, nearly four months before the 26(f) Report is even due does not conform with the schedule set by the Court in this case or recognize the pendency of Syngenta's motion to dismiss. The appropriate time for a 26(f) conference is after the hearing on Syngenta's motion to dismiss, currently scheduled for August 14, 2008.

Although your letter references a "Rule 26(f) proposal," there has been no conference pursuant to Rule 26(f). We also disagree with your statement "that the parties have conferred as required by Rule 37 without success." Rule 37 is not relevant here, as that rule relates to a

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

Jeffrey K. Sherwood
May 20, 2008
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

conference with a party failing to make disclosure or discovery.  As you have stated in your previous correspondence, discovery has not begun and no discovery requests have been served. *See* April 24, 2008 letter from Sherwood to McCurdy.  As discovery has not begun, there is no "party failing to make disclosure or discovery" as defined in Rule 37.

As for your earlier statement that Sumitomo will seek a court order to alter the usual prohibition on discovery under FRCP 26(d)(1), Syngenta does not believe that Sumitomo has a basis for seeking this relief from the court. *See* May 12, 2008 letter from Sherwood to McCurdy ("If you do not agree to a conference at this time, then the plaintiffs will immediately move for an order under FRCP 26(d)(1) that would permit discovery to begin now.")  Syngenta will oppose plaintiffs' motion seeking a court order under FRCP 26(d)(1).

Lastly, regarding Syngenta's proposal for a mutual exchange of license agreements with Bayer outside formal discovery, we understand from your May 19, 2008 letter that Sumitomo rejects Syngenta's proposal for such a mutual exchange.  Under Syngenta's proposal, the parties would agree to jointly approach Bayer for permission to disclose their respective license agreements with Bayer and subsequently exchange those on an attorneys' eyes only basis. *See* April 22, 2008 letter from McCurdy to Sherwood.  We had understood your letter of May 12, 2008 to be proposing a modified version of Syngenta's proposal, whereby only redacted versions of the agreements would be exchanged on an attorneys' eyes only basis, that is, a mutual, but more limited exchange which might not need Bayer's approval.

We now understand from your May 19, 2008 letter that Sumitomo was instead declining to jointly approach Bayer for permission to disclose confidential information and proposing a more limited disclosure by Sumitomo, while demanding a different disclosure from Syngenta.  Syngenta disagrees with the self-serving rationale in your letter which supposedly allows Sumitomo to insist upon a one-way approach to disclosure.  In any event, this was only an attempt to reach a voluntary agreement outside of formal discovery, and Syngenta will not agree to such a one-sided exchange.  If Sumitomo believes that Syngenta has failed to make the case for lack of subject matter jurisdiction in the motion to dismiss, the place now to address any alleged shortcoming is in Sumitomo's opposition to the motion.

Sincerely,

Barbara Clarke McCurdy

BCM/ves

cc:  Kimberly Parke, Esq.