1  Erik R. Puknys
   (CAB #190926; erik.puknys@finnegan.com)
2  FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, L.L.P.
3  3300 Hillview Avenue
   Palo Alto, CA 94304
4  Telephone: (650) 849-6600
   Facsimile: (650) 849-6666
5
   Attorneys for Defendant
6  SYNGENTA CROP PROTECTION, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      (SAN FRANCISCO DIVISION)

11  VALENT U.S.A. CORPORATION and              CASE NO. 08-cv-0720 VRW
    SUMITOMO CHEMICAL CO., LTD.,
12                                             **SYNGENTA'S RESPONSE TO**
                  Plaintiffs,                  **PLAINTIFFS' MOTION FOR**
13                                             **EXPEDITED DISCOVERY**
              v.
14                                             Hearing Date: June 26, 2008
    SYNGENTA CROP PROTECTION, INC.,            Hearing Time: 2:30 pm
15                                             Courtroom 6, 17th floor
                  Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

In their motion for expedited discovery, Plaintiffs have failed to demonstrate good cause for the broad discovery they seek. Plaintiffs' alleged need for expedited discovery—the need to enter the marketplace sooner—cannot outweigh the significant harm to Syngenta if ordered to produce documents prior to a finding that Syngenta is properly before this Court. While it might have been reasonable for Plaintiffs to request documents necessary for responding to Syngenta's pending motion to dismiss, Plaintiffs have gone well beyond that by requesting essentially all documents related to the validity of the '469 patent. Plaintiffs have cited no case granting such broad discovery while a motion to dismiss has been pending and this case should be no different.

## II. STATEMENT OF FACTS

Plaintiffs brought this declaratory judgment action seeking a determination that the claims of Syngenta's U.S. Patent No. 7,105,469 ("the '469 patent"), which relate to a method of controlling pests in transgenic crops by applying the chemical clothianidin, are invalid and not infringed. (D.I. 1.) Plaintiffs allege that they plan to sell clothianidin in the United States for use on transgenic crops starting in December 2008, but that efforts to negotiate a license from Syngenta under the '469 patent have failed. Because Plaintiffs' complaint presents a purely speculative alleged controversy that fails to meet the immediacy and reality requirements necessary for declaratory judgment jurisdiction, Syngenta filed a motion to dismiss for lack of subject matter jurisdiction in lieu of filing an answer.

Before even filing their opposition to Syngenta's motion to dismiss, Plaintiffs requested leave to file a "short motion requesting leave to promptly commence limited discovery." (D.I. 67 at 1.) The Court allowed Plaintiffs to file the instant motion. (D.I. 69). But rather than limiting their request for documents related to the pending motion to dismiss, Plaintiffs now seek wide-ranging discovery allegedly relevant to the underlying merits of the case.

## III. ARGUMENT

### A. Legal Standards Governing Motions for Expedited Discovery

In *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002), this Court adopted "the conventional standard of good cause in evaluating [a] request for expedited

discovery. Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." While some courts have found good cause for expedited discovery when a motion to dismiss is pending, the requested discovery is usually limited only to the discovery necessary for responding to the motion. *See, e.g., Invitrogen Corp. v. President & Fellows of Harvard Coll.*, No. 07-cv-0878-JLS (POR), 2007 WL 2915058, at \*\*3-4, 2007 U.S. Dist. LEXIS 74282, at \*\*7-10 (S.D. Cal. Oct. 4, 2007) (allowing expedited discovery only on the issues of personal jurisdiction and venue).

Plaintiffs cite *Invitrogen* for the proposition that a request for expedited discovery can be granted despite a pending motion to dismiss. (D.I. 71 at 6.) But as explained above, the requested discovery should only be granted when it is ***directly related to the pending motion*** and thus necessary to formulate a response. *Invitrogen*, 2007 WL 2915058, at \*4, 2007 U.S. Dist. LEXIS 74282, at \*\*9-10. Applying the good cause standard, the court in *Invitrogen* granted the motion for expedited discovery because the plaintiff's need for early discovery in order to make a prima facie case for personal jurisdiction and proper venue outweighed the inconvenience to the defendant. *Id.*, 2007 WL 2915058, at \*4, 2007 U.S. Dist. LEXIS 74282, at \*\*7-10. The court, however, limited discovery to the issues of personal jurisdiction and venue "to protect [the d]efendant from the undue burden of producing responses to [the p]laintiff's overly broad discovery requests." *Id.*, 2007 WL 2915058, at \*4, 2007 U.S. Dist. LEXIS 74282, at \*9.

**B. Plaintiffs Do Not Need Discovery to Respond to the Motion to Dismiss and Do Not Appropriately Limit Their Discovery Requests**

Here, the only requested discovery Plaintiffs can claim is even remotely relevant to the motion to dismiss is a copy of the agreement between Syngenta and Bayer referenced in Syngenta's motion giving Bayer a co-exclusive license to the '469 patent. But Plaintiffs have not demonstrated any need for it in connection with their response to the motion to dismiss. Indeed, Plaintiffs have not

1  asserted that access to the agreement was necessary to formulate their response to the motion to
2  dismiss, and in fact, have fully responded to the motion without it.  (*See* D.I. 72.)[1]

3  The remaining discovery Plaintiffs seek on an expedited basis relates to the underlying merits
4  of the case, not the pending motion to dismiss.  Specifically, Plaintiffs have requested that Syngenta
5  produce all: "(i) documents related to the development of the inventions claimed in the '469 patent
6  (e.g., lab notebooks, documents related to the 'synergistic effect' described in the specification,
7  etc.)"; and "(ii) documents related to Syngenta's use of clothianidin on genetically engineered and
8  non-genetically engineered plants or their seeds, including data on all working examples described in
9  the '469 patent."  (*Id.* at 7.)  Plaintiffs themselves acknowledge that this discovery is only potentially
10 relevant to issues such as obviousness and inventorship of the patent, not whether this Court has
11 jurisdiction under the Declaratory Judgment Act.  (*See id.* at 7-8.)  Because Plaintiffs have not
12 shown that any of the requested discovery is necessary for responding to the motion to dismiss, the
13 motion for expedited discovery should be denied.

14 **C.    Plaintiffs' Alleged Need Does Not Outweigh Severe Prejudice to Syngenta**

15 **1.    Harm to Syngenta**

16 The wide-ranging discovery Plaintiffs seek on the underlying merits of this case should not
17 be allowed while this Court's jurisdiction is still in question and certainly not on an expedited basis.
18 First, as this Court has appreciated, "any discovery is improper if the court lacks jurisdiction."  (D.I.
19 69 at 2.)  It would be unfair to subject Syngenta to costly and time-consuming discovery in a case
20 where there is no justiciable case or controversy.

21 Importantly, the patent statute does not allow a party who thinks it might someday infringe a
22 patent to test the patent's validity in the courts without an actual controversy.  Instead, the patent
23 office provides the proper forum for such validity challenges though its reexamination procedures.
24 Thus, Plaintiffs' unilateral attempts to manufacture a case or controversy through their own actions
25 and statements are improper.  As explained in the motion to dismiss, declaratory judgment

26

27  [1] In their response, Plaintiffs rely heavily on their own agreement with Bayer, which
28  allegedly affects the timing of their ability to market clothianidin for use with transgenic crops.  (*See, e.g.,* D.I. 72 at 2 n.1.)  Yet Plaintiffs do not provide this agreement to Syngenta or the Court.

jurisdiction requires more, such as active assertions of infringement by the patent owner. (*See* D.I. 42 at 7.) Plaintiffs, however, have not pointed to any assertions of infringement made by Syngenta. Hence, there is a sound basis for Syngenta to challenge jurisdiction and for this Court to allow discovery unrelated to the motion to dismiss only if and when the jurisdictional issues are resolved in Plaintiffs' favor. Any other result would severely harm Syngenta.

Plaintiffs attempt to downplay the significant burdens of their requests by stating that Syngenta will soon be obligated to produce all of the requested documents with its initial disclosures. (D.I. 71 at 7.) Not so. Federal Rule of Civil Procedure 26(a)(1)(A)(ii) does not mandate that all documents a party has in its possession related to its claims or defenses be produced fourteen days after the initial case management conference. Rather, as is the case in most litigations, a party can comply with the rule by providing "a description by category and location" of such documents. Fed. R. Civ. P. 26(a)(1)(A)(ii). As the commentary to this rule states, "[Rule 26(a)] does not require production of any documents. Of course, in cases involving few documents a disclosing party may prefer to provide copies of the documents rather than describe them, and the rule is written to afford this option to the disclosing party. If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 . . . ." Fed. R. Civ. P. 26 advisory committee's notes (1993).

The local patent rules require a patentee to produce certain patent-related documents ten days after the 26(f) conference, (Patent L.R. 3-2), but this obligation does not apply in a declaratory judgment case until the patentee has asserted a claim of infringement. *See* Patent L.R. 3-5. And here, Syngenta has not yet had to answer the complaint in view of the pending motion to dismiss and has not otherwise accused Plaintiffs of infringing the '469 patent. Plaintiffs are trying to turn the rules upside-down, requiring a defendant-patentee not yet alleging infringement or any defenses— because it is arguing there is no jurisdiction—to provide documents to the declaratory judgment plaintiff regarding the ***plaintiffs' claims*** of invalidity.

Plaintiffs also allege that "Syngenta has had more that 1-1/2 years to become familiar with the issues surrounding the current conflict between the parties" and thus "cannot now credibly claim that it is unfamiliar with the issues or that it needs more time." (D.I. 71 at 8.) Since Syngenta has

not charged Plaintiffs with infringement of the '469 patent at any time to this point, there is no basis for Plaintiffs to suggest that Syngenta has been collecting documents in preparation for a hypothetical patent infringement action.

If the Court concludes that jurisdiction does exist and discovery should commence, the Federal Rules set forth a fair, orderly procedure for discovery. Circumventing these normal procedures and forcing Syngenta to immediately produce documents responsive to Plaintiffs' broad discovery requests without the Plaintiffs demonstrating a compelling need for immediate discovery would be patently unfair and prejudicial to Syngenta.

### 2. Plaintiffs' Alleged Need for Expedited Discovery Does Not Offset Prejudice to Syngenta

Even considering the reasons Plaintiffs allegedly need expedited discovery that are unrelated to the pending motion to dismiss, Plaintiffs cannot overcome the severe prejudice to Syngenta if ordered to immediately provide broad discovery prior to a determination that this Court has subject matter jurisdiction. Plaintiffs' main argument is that their business interests will be harmed if they are forced to delay the introduction of their clothianidin products pending resolution of this case. (*Id.* at 2.) Because insecticide sales are tied to the planting season, Plaintiffs claim that "[e]ven just a few months delay in discovery . . . can potentially delay the introduction of [its] products for an additional year." (*Id.*)

Plaintiffs' arguments are particularly unavailing. Importantly, the '469 patent is a ***method patent, not a product patent***. Syngenta's '469 patent does not claim the chemical compound clothianidin itself and thus Syngenta cannot prevent Plaintiffs from making or selling clothianidin. Rather, the claims of the '469 patent are directed to a method of controlling pests in transgenic crops by applying clothianidin. (D.I. 71 at Ex. 1, col. 92, claims 1-8.) Substantial non-infringing uses of clothianidin remain available, including applying it to non-transgenic crops. Plaintiffs cannot maintain that the '469 patent somehow prevents them from proceeding with the manufacture and sale of clothianidin for non-infringing uses of the chemical. Indeed, a recent press release

announced that Plaintiffs are already selling clothianidin for use on non-transgenic pears, apples, and grapes. (Durand Decl. at ¶ 14.)[2]

Plaintiffs refer to their plans to launch a product in December 2008 (D.I. 72 at 2), but do not explain how granting expedited discovery will affect their plans. Regardless of whether this Court grants expedited discovery, Plaintiffs should have no reasonable expectation that the issues of whether Plaintiffs' sales of clothianidin will infringe the '469 patent and whether the patent is valid, will be decided in just six months. Discovery, claim construction, summary judgment, and trial certainly will stretch well beyond December of this year. Moreover, Plaintiffs have known about their plans for entering the market for years and only just now requested expedited discovery. There is simply no connection between whether Plaintiffs can enter the market in December 2008 and whether discovery begins two months ahead of the current schedule.

Finally, Plaintiffs allege that granting the motion for expedited discovery would "conserv[e] the parties' and the Court's resources." (D.I. 71 at 7.) This is simply not true in the event that this Court lacks subject matter jurisdiction. To truly conserve the Court's and the parties' resources, Syngenta respectfully submits that this Court should first decide the motion to dismiss and then address any discovery issues in the 26(f) conference. Not doing so would force Syngenta to engage in costly discovery without this Court first deciding the threshold issue of subject matter jurisdiction.

Because Plaintiffs have not established any need for expedited discovery sufficient to offset the severe harm to Syngenta presented by Plaintiffs' motion and "ha[ve] not made any showing as to why [they] cannot wait to conduct the requested [discovery] through the normal course of discovery," this Court should deny Plaintiffs' motion. *See Magellan Group Inv., LLC v. First Indigenous Depository Co.*, No. C 05-01994 JSW, 2005 WL 1629940, at *2 (N.D. Cal. July 8, 2005).

### D.     *Semitool* Does Not Support Plaintiffs' Position

Contrary to Plaintiffs' arguments, *Semitool* does not require that this Court allow the requested expedited discovery. 208 F.R.D. 273. In *Semitool*, the plaintiff requested expedited

---

[2] The declaration of Robert Durand was filed in support of Syngenta's reply in support of its motion to dismiss.

1  discovery related to the operation of the alleged infringing device so it could determine whether any
2  of its other patents were infringed.  *Id.* at 274.  The plaintiff argued that expedited discovery would
3  permit it to amend its complaint sooner and to facilitate its compliance with the local patent rules
4  requiring disclosure of the asserted claims and their correlation to the allegedly infringing product.
5  *Id.* at 276.  The defendants in *Semitool* admitted that the requested discovery would "be produced in
6  the normal course of discovery" and challenged the motion primarily because expedited discovery
7  would be a "logistical inconvenience."  *Id*. at 276-77.  The issue in *Semitool*, therefore, was
8  "whether there [was] good cause to provide immediate access to the requested discovery rather than
9  postponing its ultimate production [to] the normal course of discovery."  *Id.* at 276.  After being
10 "unable to discern any real prejudice to [the d]efendants," the court granted in part the plaintiff's
11 motion for expedited discovery and ordered the defendants to provide limited discovery.  *Id.* at 277-
12 78.
13       Plaintiffs claim that "the facts of this case . . . are even more compelling" for expedited
14 discovery than those in *Semitool*.  (D.I. 71 at 6.)  But Plaintiffs' position ignores that, unlike the
15 defendant in *Semitool*, Syngenta **has challenged the jurisdiction of this Court** as set forth in its
16 motion to dismiss.  While the defendant in *Semitool* admitted that it would inevitably produce the
17 requested documents in the normal course of the case, Syngenta submits that without subject matter
18 jurisdiction this case will be dismissed before discovery commences.  Accordingly, any expedited
19 discovery before a finding that this Court has subject matter jurisdiction would severely prejudice
20 Syngenta.
21       Plaintiffs also quote *Semitool* for the principle that "good cause [for expedited discovery] is
22 frequently found in cases involving claims of infringement."  (*Id.* at 5 (emphasis omitted).)  But
23 Plaintiffs misunderstand this statement.  Good cause for expedited discovery is often found in
24 infringement cases because infringement claims necessarily involve irreparable harm ***to the holder***
25 ***of the intellectual property right***, who "is presumed to suffer irreparable harm as a matter of law
26 when his right to the exclusive use . . . is invaded."  *See UMG Recordings, Inc. v. Does 1-4*, No. 06-
27 0652 SBA (EMC), 2006 WL 1343597, at *1, 2006 U.S. Dist. LEXIS 32821, at *4 (N.D. Cal. Mar. 6,
28

1  2006). *Semitool* does not support a finding of good cause for expedited discovery here, because
2  Syngenta, not Plaintiffs, is the holder of the patent right in this case.

3          **E.     Any Expedited Discovery Allowed Should Be Limited to Jurisdictional Issues**

4          Should this Court decide that Plaintiffs have shown good cause for expedited discovery—
5  which Syngenta vigorously disputes—or otherwise conclude that discovery limited to jurisdiction
6  would be useful in reaching a decision on jurisdiction, any discovery allowed should be narrowly
7  drawn to the pending motion to dismiss. *See Invitrogen*, 2007 WL 2915058, at *4, 2007 U.S. Dist.
8  LEXIS 74282, at **9-10. In other words, discovery should be limited to whether an actual case or
9  controversy exists here and should not be opened up to discovery on the merits. Such discovery
10 should be mutual, and include discovery provided by Plaintiffs directed to the numerous unsupported
11 and contradictory factual allegations in Plaintiffs' response to Syngenta's motion to dismiss and
12 accompanying Moriya declaration. As just one of many examples, Plaintiffs assert that a
13 controversy exists because they are poised to enter the seed treatment market. (D.I. 72 at 13.) Yet
14 Plaintiffs make ambiguous factual assertions regarding their readiness to begin selling clothianidin
15 for seed treatment. For instance, Plaintiffs allege that they have met with potential customers. (*Id.*
16 at 3-4.) But Plaintiffs fail to establish that there is in fact any buyer willing to purchase Plaintiffs'
17 product who would then use it in a manner that would infringe the '469 patent. Similarly, Syngenta
18 questions whether Plaintiffs are capable of inducing infringement of the '469 patent when they
19 seemingly have yet to finalize the formulation of the clothianidin product for use in seed treatment.
20 (*See* D.I. 73 at ¶ 11(i).) Plaintiffs should not object to limited jurisdictional discovery into such
21 questions, as they have agreed to "reciprocate with limited discovery." (D.I. 71 at 8.)

22         As a final matter, Syngenta notes that Plaintiffs have not served any discovery requests. For
23 example, Plaintiffs have not provided definitions and instructions with their informal requests and
24 Syngenta has no avenue for raising appropriate objections to the requests made in Plaintiffs' motion.
25 Therefore, if this Court grants Plaintiffs' motion for expedited discovery, Syngenta respectfully
26 requests that the Court order Plaintiffs to serve proper discovery requests before the 26(f) conference
27 rather than order discovery responsive to the requests presented in Plaintiffs' opening brief.
28

## IV. CONCLUSION

For all the foregoing reasons, Syngenta respectfully requests that this Court deny Plaintiffs' motion for expedited discovery.

DATED:  June 19, 2008

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

By  / s /
    Erik R. Puknys
    Attorneys for Defendant Syngenta Crop Protection, Inc.