1  Erik R. Puknys
   (CAB #190926; erik.puknys@finnegan.com)
2  FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, L.L.P.
3  3300 Hillview Avenue
   Palo Alto, CA 94304
4  Telephone: (650) 849-6600
   Facsimile: (650) 849-6666
5
6  Attorneys for Defendant
   SYNGENTA CROP PROTECTION, INC.
7
8              UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA
10               (SAN FRANCISCO DIVISION)
11

| | |
|---|---|
| VALENT U.S.A. CORPORATION and SUMITOMO CHEMICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION, INC., <br><br> Defendant. | CASE NO. 08-cv-0720 VRW <br><br> **DECLARATION OF ROBERT DURAND IN SUPPORT OF SYNGENTA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> Hearing Date:  June 26, 2008 <br> Hearing Time: 2:30 p.m. <br> Courtroom 6, 17th floor |

18        I, Robert Durand, hereby declare as follows:

19        1.      I am employed by Syngenta Crop Protection AG in the position of Head of Third-

20  Party Relations, Global Marketing.

21        2.      I make this declaration in support of the reply of defendant Syngenta Crop Protection,

22  Inc. in support of its motion to dismiss plaintiffs' complaint.

23        3.      I have reviewed the Declaration of Motoharu Moriya dated June 12, 2008, which was

24  filed by plaintiffs in this case.  I participated in the license discussions described by Mr. Moriya in

25  his declaration.

26        4.      Beginning in the fall of 2006, Sumitomo approached Syngenta to request a license

27  under U.S. Patent No. 7,105,469 ("the '469 patent"), which relates to the use of the insecticide

28

1   clothianidin on transgenic crops.  To my knowledge, Syngenta had never raised any issue with

2   Sumitomo concerning the '469 patent before Sumitomo approached Syngenta and initiated license

3   discussions.  Nor did I, at that time or since, discuss with Sumitomo or accuse Sumitomo of any

4   infringement of the patent or discuss with Sumitomo the validity of the patent.

5        5.    Syngenta informed Sumitomo that it was willing to grant Sumitomo a license under

6   the '469 patent and at no time (whenever Sumitomo brought up the patent) did Syngenta state that it

7   was unwilling to do so.  Syngenta explained, however, that it already had granted a co-exclusive

8   license to Bayer CropScience under the '469 patent and, therefore, Bayer's consent would be

9   required before Syngenta could grant a license to Sumitomo under the '469 patent.  During several

10  subsequent meetings between the parties and in related correspondence, Sumitomo repeatedly

11  acknowledged that consent from Bayer was required before Syngenta could grant Sumitomo a

12  license under the '469 patent.  Prior to bringing this lawsuit, Sumitomo never questioned the

13  existence of a co-exclusive license agreement between Syngenta and Bayer involving the '469

14  patent.

15       6.    I understand that Sumitomo now questions the existence of the Syngenta-Bayer

16  license agreement relating to the '469 patent and the fact that the license is co-exclusive.  The

17  agreement contains a confidentiality provision that prohibits Syngenta from disclosing the

18  agreement's contents to third parties.  I can confirm, however, that the license agreement (entitled

19  "Patent License") exists and was executed on April 5, 2006, by Syngenta Crop Protection AG,

20  Syngenta Crop Protection, Inc., and Bayer CropScience AG.  I can also confirm that the license is

21  co-exclusive and does not permit Syngenta to grant further licenses under the '469 patent to third

22  parties without Bayer's consent, as I advised Sumitomo some time ago.

23       7.    On April 2, 2007, Syngenta, at Sumitomo's request, contacted Bayer to inquire

24  whether Bayer would consent to Syngenta granting a license to Sumitomo under the '469 patent.  (A

25  true and correct copy of this letter is attached to this declaration as Durand Exhibit 1.)  On April 23,

26  2007, Sumitomo informed Syngenta that it was "confident that based on [Sumitomo's] relationship

27

28

1   with Bayer with respect to Clothianidin that such confirmation [of consent] will be forthcoming . . .

2   .”  (A true and correct copy of this letter is attached to this declaration as Durand Exhibit 2.)

3       8.      Mr. Moriya states that “Bayer has never proposed any terms or conditions for such a

4   license.”  (Moriya Decl. ¶ 20.)  During the several meetings I attended with Sumitomo

5   representatives, however, Sumitomo never stated that Sumitomo itself had proposed any specific

6   terms to Bayer to obtain Bayer’s consent for Sumitomo to negotiate a license from Syngenta under

7   the ’469 patent.

8       9.      Paragraph 11 of the Moriya declaration asserts that Sumitomo field tested

9   clothianidin on certain genetically engineered crops from 2005-08; that it spent “several million

10  dollars” on unspecified clothianidin field testing; that it filed trademark applications relating to its

11  proposed clothianidin products; that it contracted with Helena Industries, Inc. “to formulate” various

12  unidentified clothianidin products; and that it “met with more than ten” unidentified “prospective

13  U.S. customers.”  I was unaware of any of those alleged facts before Sumitomo initiated this

14  litigation.  With respect to Sumitomo’s unidentified “prospective” customers, I note that Mr. Moriya

15  does not state that even one of those unidentified “prospective” customers has actually agreed to

16  purchase Sumitomo’s clothianidin products for use by growers on transgenic crops.  Currently,

17  Bayer sells clothianidin insecticide products; Syngenta does not.  During the several meetings I

18  attended with Sumitomo representatives, Sumitomo never identified any customers who had agreed

19  to switch from Bayer’s established and successful clothianidin products to Sumitomo’s proposed

20  clothianidin products (which apparently are still being formulated).  Sumitomo also never informed

21  Syngenta of the fact, now alleged by Mr. Moriya, that Sumitomo purportedly “lost” a prospective

22  customer due to that customer’s uncertainty about Sumitomo’s freedom to operate in view of the

23  ’469 patent.

24      10.     Paragraph 19 of the Moriya declaration asserts that Sumitomo “never received a

25  response” to the license terms proposed in its April 23, 2007, letter to Syngenta.  The April 23, 2007,

26  letter referred generally to aspects of a possible license, but did not include specific terms as to

27  consideration for the license.  That statement is also incorrect in asserting that Syngenta did not

28

1   respond.  On May 7, 2007, Jonathan Sullivan of Syngenta sent an email to Nobuyuki Shinkai of

2   Sumitomo indicating that I would respond orally to Sumitomo's April 23rd proposal and provide an

3   update on discussions with Bayer at the parties' next meeting scheduled for May 22, 2007 in Japan.

4   (A true and correct copy of this email is attached to this declaration as Durand Exhibit 3.)  Both Mr.

5   Moriya and I were copied on Mr. Sullivan's email.  (*See* Durand Ex. 3.)

6        11.   The Moriya declaration omits any mention of the parties' May 22, 2007, meeting and

7   also fails to acknowledge Sumitomo's follow-up correspondence dated May 30, 2007, which stated:

8   "Syngenta confirmed that it is willing to grant a license to Sumitomo under the '469 Patent on

9   mutually acceptable terms and conditions . . . .  Both parties agreed there is a need for Syngenta to

10  obtain Bayer's consent before Syngenta granting the license to Sumitomo."  (A true and correct copy

11  of this letter is attached to this declaration as Durand Exhibit 4.)

12       12.   Mr. Moriya's declaration also is incorrect in its statement, in paragraph 21, that

13  "Syngenta expressly threatened a patent infringement lawsuit against SCC on June 12, 2007."  I do

14  not recall the precise words of the exchange that Mr. Moriya purports to recount, but I do recall that

15  in the context of the license discussions between the parties, Mr. Moriya posed a hypothetical

16  question to the effect that if Sumitomo infringed Syngenta's patent, would Syngenta enforce its

17  patent, and I responded that Sumitomo should expect Syngenta to enforce its patents.  But I had no

18  knowledge at that time of any actual or imminent infringement by Sumitomo (or anyone else) of the

19  '469 patent, nor did Mr. Moriya state that Sumitomo had actually infringed the patent.  While I was

20  not in a position to preclude any possibility of future enforcement of the '469 patent by Syngenta

21  against Sumitomo, I do not think Mr. Moriya could fairly come away from that brief exchange,

22  prompted by Sumitomo and in an overall context in which Sumitomo was seeking a license and

23  Syngenta was indicating its willingness to grant one, with a sincere belief that Sumitomo was being

24  threatened with an infringement lawsuit.  Our correspondence around the time of that meeting makes

25  no reference to any threat of suit, but refers on the contrary to Syngenta's willingness to license the

26  patent, Sumitomo's understanding that it needed Bayer's consent, and Sumitomo's progress in

27  seeking Bayer's consent.  If, notwithstanding, Mr. Moriya honestly did feel that Sumitomo was

28

1   threatened with an infringement suit by a remark I made on June 12, 2007, he misunderstood and is

2   mistaken.

3       13.     Any decision by Syngenta to bring a patent infringement action in the future against

4   Sumitomo would have to be made by the company's upper management.  To my knowledge, at the

5   time Sumitomo filed its complaint in this Court, Syngenta's position remained that it was willing to

6   license Sumitomo under the '469 patent upon consent by Bayer, and that was the position I

7   consistently took with Sumitomo during our discussions.  It is my understanding that Syngenta's

8   position is the same today, and that Syngenta remains willing to license Sumitomo.

9       14.     Paragraph 23 of the Moriya declaration quotes a single sentence from my July 31,

10  2007, correspondence, out of context, and mischaracterizes it as a "threat of a patent infringement

11  lawsuit."  My letter actually stated, in relevant part:  "We noted that Sumitomo (through its affiliate

12  Valent) will enter the foliar market with clothianidin in September 2007.  Syngenta is confident that

13  clothianidin for foliar applications will not be used on/sold for use on transgenic crops."  (A true and

14  correct copy of this letter is attached to this declaration as Durand Exhibit 5.)  My letter was not a

15  "threat" but a statement of fact that Syngenta expected that Sumitomo/Valent's entry into the

16  clothianidin market in September 2007 would involve sales of clothianidin for foliar (leaf)

17  applications on non-transgenic crops.  To my knowledge, that is exactly what happened:  As

18  reflected in a Valent press release dated May 8, 2008, Valent initially began marketing clothianidin

19  under the tradename Clutch® for use on pears and apples (both non-transgenic fruit crops), then it

20  subsequently also began selling clothianidin for use on grapes (another non-transgenic crop).  (A

21  true and correct copy of this press release is attached to this declaration as Durand Exhibit 6.)

22      15.     Paragraph 24 of the Moriya declaration refers to an August 3, 2007, meeting between

23  Sumitomo and Bayer.  Mr. Moriya states that "[d]uring the meeting SCC understood that the

24  message from Bayer was that Bayer did not want SCC to enter the seed treatment business."  Mr.

25  Moriya's negative assessment of that meeting is directly contradicted by an email that Mr. Shinkai of

26  Sumitomo sent to me (and copied to Mr. Moriya) on August 3, 2007—the same day the meeting in

27  question occurred.  (A true and correct copy of this email is attached to this declaration as Durand

28

1    Exhibit 7.)  In that email, Mr. Shinkai reported:  "Today [August 3, 2007], I had a discussion with

2    Bayer in Monheim.  The progress is slow but I believe that it is making progress.  The meeting

3    becomes more serious . . . .  We have started the discussion for the conditions of obtaining Bayer's

4    consent to proceed with the 469 license."  I do not understand how Mr. Moriya can now assert that

5    Sumitomo concluded at the August 3rd meeting that Bayer "did not want SCC to enter the seed

6    treatment business" when that very same day Sumitomo reported to Syngenta "progress" and "more

7    serious" discussions with Bayer on the subject of a license under the '469 patent.

8         16.    Paragraph 25 of the Moriya declaration asserts that, at an August 11, 2007, meeting

9    between Syngenta and Sumitomo, "Syngenta told SCC that it did not want to see any new entrant in

10   the U.S. seed treatment business."  That assertion is incorrect, as I never made any such statement,

11   and I was the only Syngenta representative present at that meeting.  I note that Sumitomo's follow-

12   up email correspondence to me dated August 22, 2007, did not refer to any such alleged statement,

13   but instead began, "First of all, we thank you for taking your time to meet [with] us on August 11th

14   immediately after your arrival to Tokyo" and then indicated that Sumitomo's "first priority" with

15   regard to the '469 patent was "to still settle on a business manner consistent with our existing good

16   business relationships . . . ."  (A true and correct copy of this email is attached to this declaration as

17   Durand Exhibit 8.)  Mr. Moriya does not explain why, if I allegedly told Sumitomo that Syngenta

18   did not want any new entrant in the U.S. seed treatment business, Sumitomo continued to negotiate

19   for a license under the '469 patent.

20        17.    Paragraph 28 of the Moriya declaration asserts that "it is SCC's understanding that

21   Syngenta never attended a meeting with SCC and Bayer to discuss the '469 patent."  To my

22   knowledge, Sumitomo never attempted to arrange a three-way meeting between Syngenta, Bayer

23   and Sumitomo to discuss a possible license for Sumitomo under the '469 patent.

24        18.    Finally, I understand that Sumitomo is now asserting that the '469 patent is invalid.  I

25   do not recall Sumitomo ever asserting during any of the parties' several meetings or in any written

26   correspondence that the '469 patent is invalid.

27

28

6

1           I hereby declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct.  Executed on June 19, 2008.

3

4                                                 _____

5                                            Robert Durand

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

**Submitted Separately Under Seal**

1  Erik R. Puknys
   (CAB #190926; erik.puknys@finnegan.com)
2  FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, L.L.P.
3  3300 Hillview Ave
   Palo Alto, CA 94304
4  Telephone: (650) 849-6600
   Facsimile: (650) 849-6666
5
   Attorneys for Defendant
6  SYNGENTA CROP PROTECTION, INC.

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                   (SAN FRANCISCO DIVISION)

11

12

13  VALENT U.S.A. CORPORATION AND          CASE NO. 08-cv-0720 RS
    SUMITOMO CHEMICAL CO., LTD.,
14                                          **MANUAL FILING NOTIFICATION
              Plaintiffs,                   FOR EXHIBIT 1 TO THE
15                                          DECLARATION OF ROBERT
          v.                                DURAND IN SUPPORT OF
16                                          SYNGENTA'S REPLY IN SUPPORT
    SYNGENTA CROP PROTECTION, INC.,         OF ITS MOTION TO DISMISS
17                                          PLAINTIFFS' COMPLAINT**
              Defendant.
18                                          Hearing Date:  June 26, 2008
                                            Hearing Time: 2:30 p.m.
19                                          Courtroom 6, 17th floor

20                  **DOCUMENT SUBMITTED UNDER SEAL**

21

22

23

24

25

26

27

28

**MANUAL FILING NOTIFICATION**

REGARDING:  **EXHIBIT 1 TO THE DECLARATION OF ROBERT DURAND  IN SUPPORT OF SYNGENTA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**.

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office.  If you are a participant in this case, this filing will be served in hard-copy shortly. For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).  This filing was not efiled for the following reason:

[ ] Voluminous Document (PDF file size larger than the efiling system allows).

[ ] Unable to Scan Documents

[_] Physical Object (description): _____

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

**[X] Item Under Seal**

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[_] Other (description): _____


Dated:  June 19, 2008                    FINNEGAN, HENDERSON, FARABOW,
                                         GARRETT & DUNNER, L.L.P.


                                         By:_____/s/_____

                                             Erik R. Puknys

# Exhibit 2

**Submitted Separately Under Seal**

1    Erik R. Puknys
      (CAB #190926; erik.puknys@finnegan.com)
2    FINNEGAN, HENDERSON, FARABOW,
        GARRETT & DUNNER, L.L.P.
3    3300 Hillview Ave
      Palo Alto, CA 94304
4    Telephone: (650) 849-6600
      Facsimile: (650) 849-6666
5

6    Attorneys for Defendant
      SYNGENTA CROP PROTECTION, INC.

7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   (SAN FRANCISCO DIVISION)

11

12

13    VALENT U.S.A. CORPORATION AND       CASE NO. 08-cv-0720 RS
      SUMITOMO CHEMICAL CO., LTD.,

14             Plaintiffs,            **MANUAL FILING NOTIFICATION**
                                      **FOR EXHIBIT 2 TO THE**
15            v.                  **DECLARATION OF ROBERT**
                                       **DURAND IN SUPPORT OF**
16    SYNGENTA CROP PROTECTION, INC.,       **SYNGENTA'S REPLY IN SUPPORT**
                                       **OF ITS MOTION TO DISMISS**
17           Defendant.           **PLAINTIFFS' COMPLAINT**

18                                   Hearing Date:  June 26, 2008
                                  Hearing Time: 2:30 p.m.
19                                   Courtroom 6, 17th floor

20                 **DOCUMENT SUBMITTED UNDER SEAL**

21

22

23

24

25

26

27

28

## MANUAL FILING NOTIFICATION

REGARDING: **EXHIBIT 2 TO THE DECLARATION OF ROBERT DURAND  IN SUPPORT OF SYNGENTA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**.

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office.  If you are a participant in this case, this filing will be served in hard-copy shortly. For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).  This filing was not efiled for the following reason:

[  ] Voluminous Document (PDF file size larger than the efiling system allows).

[  ] Unable to Scan Documents

[_] Physical Object (description): _____

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

**[X] Item Under Seal**

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[_] Other (description): _____


Dated:  June 19, 2008                    FINNEGAN, HENDERSON, FARABOW,
                                         GARRETT & DUNNER, L.L.P.


                                         By:_____/s/_____

                                             Erik R. Puknys

# Exhibit 3

**Submitted Separately Under Seal**

1  Erik R. Puknys
   (CAB #190926; erik.puknys@finnegan.com)
2  FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, L.L.P.
3  3300 Hillview Ave
   Palo Alto, CA 94304
4  Telephone: (650) 849-6600
   Facsimile: (650) 849-6666
5
   Attorneys for Defendant
6  SYNGENTA CROP PROTECTION, INC.

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                   (SAN FRANCISCO DIVISION)

11

12

13  VALENT U.S.A. CORPORATION AND          CASE NO. 08-cv-0720 RS
    SUMITOMO CHEMICAL CO., LTD.,
14                                          **MANUAL FILING NOTIFICATION
              Plaintiffs,                   FOR EXHIBIT 3 TO THE
15                                          DECLARATION OF ROBERT
         v.                                 DURAND IN SUPPORT OF
16                                          SYNGENTA'S REPLY IN SUPPORT
    SYNGENTA CROP PROTECTION, INC.,         OF ITS MOTION TO DISMISS
17                                          PLAINTIFFS' COMPLAINT**
              Defendant.
18                                          Hearing Date:  June 26, 2008
                                            Hearing Time: 2:30 p.m.
19                                          Courtroom 6, 17th floor

20                  **DOCUMENT SUBMITTED UNDER SEAL**

21

22

23

24

25

26

27

28

**MANUAL FILING NOTIFICATION**

REGARDING:  **EXHIBIT 3 TO THE DECLARATION OF ROBERT DURAND  IN SUPPORT OF SYNGENTA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**.

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office.  If you are a participant in this case, this filing will be served in hard-copy shortly. For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).  This filing was not efiled for the following reason:

[  ] Voluminous Document (PDF file size larger than the efiling system allows).

[  ] Unable to Scan Documents

[_] Physical Object (description): _____

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

**[X] Item Under Seal**

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[_] Other (description): _____

Dated:  June 19, 2008                    FINNEGAN, HENDERSON, FARABOW,
                                         GARRETT & DUNNER, L.L.P.


                                         By:_____/s/_____

                                             Erik R. Puknys

# Exhibit 4

**Submitted Separately Under Seal**

Erik R. Puknys
(CAB #190926; erik.puknys@finnegan.com)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
3300 Hillview Ave
Palo Alto, CA 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Attorneys for Defendant
SYNGENTA CROP PROTECTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| VALENT U.S.A. CORPORATION AND SUMITOMO CHEMICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION, INC., <br><br> Defendant. | CASE NO. 08-cv-0720 RS <br><br> **MANUAL FILING NOTIFICATION FOR EXHIBIT 4 TO THE DECLARATION OF ROBERT DURAND IN SUPPORT OF SYNGENTA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> Hearing Date:  June 26, 2008 <br> Hearing Time: 2:30 p.m. <br> Courtroom 6, 17th floor |

**DOCUMENT SUBMITTED UNDER SEAL**

MANUAL FILING NOTIFICATION
CASE NO. 08-cv-0720 RS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MANUAL FILING NOTIFICATION**

REGARDING: **EXHIBIT 4 TO THE DECLARATION OF ROBERT DURAND IN SUPPORT OF SYNGENTA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**.

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office. If you are a participant in this case, this filing will be served in hard-copy shortly. For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ). This filing was not efiled for the following reason:

[ ] Voluminous Document (PDF file size larger than the efiling system allows).

[ ] Unable to Scan Documents

[_] Physical Object (description): _____

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

**[X] Item Under Seal**

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[_] Other (description): _____


Dated: June 19, 2008                    FINNEGAN, HENDERSON, FARABOW,
                                        GARRETT & DUNNER, L.L.P.

                                        By:_____/s/_____

                                            Erik R. Puknys

# Exhibit 5

**Submitted Separately Under Seal**

Erik R. Puknys
(CAB #190926; erik.puknys@finnegan.com)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
3300 Hillview Ave
Palo Alto, CA 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Attorneys for Defendant
SYNGENTA CROP PROTECTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| VALENT U.S.A. CORPORATION AND SUMITOMO CHEMICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION, INC., <br><br> Defendant. | CASE NO. 08-cv-0720 RS <br><br> **MANUAL FILING NOTIFICATION FOR EXHIBIT 5 TO THE DECLARATION OF ROBERT DURAND IN SUPPORT OF SYNGENTA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> Hearing Date: June 26, 2008 <br> Hearing Time: 2:30 p.m. <br> Courtroom 6, 17th floor |

**DOCUMENT SUBMITTED UNDER SEAL**

**MANUAL FILING NOTIFICATION**

REGARDING: **EXHIBIT 5 TO THE DECLARATION OF ROBERT DURAND IN SUPPORT OF SYNGENTA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**.

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office. If you are a participant in this case, this filing will be served in hard-copy shortly. For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ). This filing was not efiled for the following reason:

[ ] Voluminous Document (PDF file size larger than the efiling system allows).

[ ] Unable to Scan Documents

[_] Physical Object (description): _____

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

**[X] Item Under Seal**

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[_] Other (description): _____

Dated: June 19, 2008                    FINNEGAN, HENDERSON, FARABOW,
                                        GARRETT & DUNNER, L.L.P.


                                        By:_____/s/_____

                                             Erik R. Puknys

# Exhibit 6




Search [          ] Go

**Agricultural Products**

**Distributors**

**Valent Recycles**
**Request Information**
**Corporate Information**
**News and Events**

**Sales Representatives**
**Career Opportunities**

**Links**

# News and Events

**Tradeshow and Events Calendar
Industry and World News**

**Valent U.S.A. Corporation News**

**5/8/2008
Valent Adds Grape Registration to Clutch® Insecticide Label**

*Improved formulation and packaging benefits grape and pear growers*

WALNUT CREEK, Calif. (May 8, 2008)—Valent U.S.A. Corporation has received Environmental Protection Agency (EPA) approval for Clutch® 50 WDG Insecticide for foliar application in grapes. The new grape registration is an expansion of the current *Clutch* label, which includes pears and apples. *Clutch* is registered in most states, including California. Registration is pending in New York.

### New for grapes, new overall formulation

Since the acquisition of *Clutch*, Valent has developed an improved formulation of the third generation neonicotinoid for more consistent protection against pests such as leafhopper, vine and grape mealybug, glassy-winged sharpshooter, grapeleaf skeletonizer and pear psylla.

*Clutch* gives growers maximum flexibility and value through its efficacy, short seven-day pre harvest interval (PHI), and improved, recyclable packaging. More registrations are pending, including uses in many vegetables and soil uses in grapes. "When growers fight pests such as pear psylla or mealybugs in grapes, they need protection they know will work quickly and reliably in-season," said Len Welch, field market development specialist for Valent. "Research shows *Clutch* outperforms other neonicotinoids on tough pests. This registration represents a new active ingredient, clothianidin, for use in grapes."

*Clutch*'s enhanced consistency is the result of the improved formulation, which provides growers a more uniform particle size of the material for fast uptake in plants. This improved formulation also reinforces *Clutch*'s lower water solubility compared to other neonicotinoids. *Clutch* is rainfast within three hours of application, for protection that lasts.

*Clutch* should be applied post-bloom (after petal fall in pears when bee hives have been removed) or in-season in grapes. *Clutch* has local translaminar and systemic movement following a foliar spray. Trial results show translaminar movement within 30 minutes after a *Clutch* application.

Welch said all these benefits combined demonstrate the overall value *Clutch* will bring growers and helped earn the product an "excellent" rating in the Washington State University 2007 Crop Protection Guide for pear·psylla control.

"Experts agree *Clutch* will give growers the results they need, when they need them," Welch said. "As we say at Valent, it's a true *Clutch* hitter."

*Clutch* is one of the many quality products from Valent U.S.A. Corporation, including plant growth regulators, herbicides, fungicides, insecticides and a nematicide. Valent's product line includes leading brands such as Belay™ Insecticide, Chateau® Herbicide, Danitol® Insecticide, DiPel® Insecticide, DiTera® Nematicide, Esteem® Insect Growth Regulator (IGR), Knack® IGR, MaxCel® Plant Growth Regulator (PGR), Presidio™ Fungicide, Prestige® PGR, ProGibb® PGR, Promalin® PGR, ProVide® PGR, ReTain® PGR, Seize™

IGR, Select Max® Herbicide with Inside Technology™, Venom® Insecticide, XenTari® Biological Insecticide and Zeal® Miticide.

For more information about *Clutch* Insecticide, Valent U.S.A. Corporation or Valent's full product line, call 800-6-VALENT (682-5368), or visit the Valent Web site at www.valent.com.

### ###

**Other News...**

| | |
|---|---|
| **5/8/2008** | Valent Adds Grape Registration to Clutch® Insecticide Label |
| **4/29/2008** | Cobra® Herbicide PHI Reduced in Peanuts |
| **4/16/2008** | Evan Carlisle Joins Valent Sales Team for Oregon, Washington |
| **4/15/2008** | Valor Registered for Dry Bean Desiccation |
| **3/20/2008** | Valent's Select Max® Herbicide Registered for Volunteer Corn Control Prior to Replanting Corn |
| **3/13/2008** | Zeal® Miticide EPA Registered in Hops, Cherries and Melons |
| **3/13/2008** | Monsanto's Roundup Rewards® Program to Include Select Max® Herbicide in 2008 |
| **2/27/2008** | Valent Appoints Mouser and Inouye to New Crop Specialist Roles |
| **2/8/2008** | Presidio™ Fungicide EPA Registered in Vegetables and Grapes |
| **1/31/2008** | Valent USA and Sumitomo Chemical File Complaints at ITC and in Courts Against Syngenta AG and Subsidiaries in a Dispute over Insecticide Patents |
| **1/16/2008** | CHATEAU® HERBICIDE APPROVED FOR CHEMIGATION ON POTATOES |
| **1/7/2008** | VALENT SELLS ORTHENE INSECTICIDE PRODUCT LINE |
| **12/18/2007** | VALENT INTRODUCES BELAY™ INSECTICIDE FOR POTATOES |
| **11/15/2007** | Monsanto and Valent Offer Growers Residual Soybean Solutions in 2008 |
| **11/15/2007** | Monsanto and Valent Offer Growers Residual Soybean Solutions in 2008 |
| **8/1/2007** | Valent Names New Director of Finance |
| **7/30/2007** | Valent to Market Arena® Insecticide in Professional Turf Market |
| **7/15/2007** | Arysta & Valent Announce New Clothianidin Agreement |
| **7/5/2007** | Danitol® 2.4 EC Spray Registered for New Crops in California |
| **6/25/2007** | Select Max® Herbicide Registered For Pulse, Other Crops |
| **6/7/2007** | Valent Expands Turf & Ornamental Leadership Team with Strategic New Hire |
| **4/13/2007** | Domark® Fungicide Receives Expanded (Section 3) Registration |
| **3/29/2007** | Venom® Insecticide Now Registered for Vegetables |
| **3/22/2007** | Monsanto's Roundup Rewards® Program Expands to Include Mid-South, Southeast Select Max® Herbicide Users |
| **3/21/2007** | MAXCEL® PLANT GROWTH REGULATOR APPROVED FOR USE ON PEARS IN U.S. |
| **2/15/2007** | Andrew Seitz Joins Valent Marketing Team |
| **2/12/2007** | Chateau® Herbicide Now Registered for California Bearing Stone Fruit, Pome Fruit and Strawberries |
| **2/5/2007** | Valor® XLT Soybean Herbicide: New Weapon in Fight against Tough Weeds |
| **1/31/2007** | Cibus and The National Grain Sorghum Producers Foundation Announce Alliance With Valent to develop Herbicide Tolerant Grain Sorghum |

# Exhibit 7

**Submitted Separately Under Seal**

1   Erik R. Puknys
    (CAB #190926; erik.puknys@finnegan.com)
2   FINNEGAN, HENDERSON, FARABOW,
        GARRETT & DUNNER, L.L.P.
3   3300 Hillview Ave
    Palo Alto, CA 94304
4   Telephone: (650) 849-6600
    Facsimile: (650) 849-6666
5
    Attorneys for Defendant
6   SYNGENTA CROP PROTECTION, INC.

7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                        (SAN FRANCISCO DIVISION)

11

12

13  VALENT U.S.A. CORPORATION AND          CASE NO. 08-cv-0720 RS
    SUMITOMO CHEMICAL CO., LTD.,
14                                         **MANUAL FILING NOTIFICATION
                    Plaintiffs,            FOR EXHIBIT 7 TO THE
15                                         DECLARATION OF ROBERT
           v.                              DURAND IN SUPPORT OF
16                                         SYNGENTA'S REPLY IN SUPPORT
    SYNGENTA CROP PROTECTION, INC.,        OF ITS MOTION TO DISMISS
17                                         PLAINTIFFS' COMPLAINT**
                    Defendant.
18                                         Hearing Date:  June 26, 2008
                                           Hearing Time: 2:30 p.m.
19                                         Courtroom 6, 17th floor

20                   **DOCUMENT SUBMITTED UNDER SEAL**

21

22

23

24

25

26

27

28

1

### MANUAL FILING NOTIFICATION

2

REGARDING: **EXHIBIT 7 TO THE DECLARATION OF ROBERT DURAND IN**

3

**SUPPORT OF SYNGENTA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

4

**PLAINTIFFS' COMPLAINT**.

5

     This filing is in paper or physical form only, and is being maintained in the case file in the

6

Clerk's office.  If you are a participant in this case, this filing will be served in hard-copy shortly.

7

For information on retrieving this filing directly from the court, please see the court's main web site

8

at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).  This filing was not

9

efiled for the following reason:

10

[ ] Voluminous Document (PDF file size larger than the efiling system allows).

11

[ ] Unable to Scan Documents

12

13

[_] Physical Object (description): _____

14

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

15

**[X] Item Under Seal**

16

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

17

[_] Other (description): _____

18

19

20

Dated:  June 19, 2008

21

               FINNEGAN, HENDERSON, FARABOW,
               GARRETT & DUNNER, L.L.P.

22

By:_____/s/_____

23

           Erik R. Puknys

24

25

26

27

28

# Exhibit 8

**Submitted Separately Under Seal**

1   Erik R. Puknys
    (CAB #190926; erik.puknys@finnegan.com)
2   FINNEGAN, HENDERSON, FARABOW,
        GARRETT & DUNNER, L.L.P.
3   3300 Hillview Ave
    Palo Alto, CA 94304
4   Telephone: (650) 849-6600
    Facsimile: (650) 849-6666
5
    Attorneys for Defendant
6   SYNGENTA CROP PROTECTION, INC.

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      (SAN FRANCISCO DIVISION)

11

12

13  VALENT U.S.A. CORPORATION AND          CASE NO. 08-cv-0720 RS
    SUMITOMO CHEMICAL CO., LTD.,
14                                          **MANUAL FILING NOTIFICATION
              Plaintiffs,                   FOR EXHIBIT 8 TO THE
15                                          DECLARATION OF ROBERT
         v.                                 DURAND IN SUPPORT OF
16                                          SYNGENTA'S REPLY IN SUPPORT
    SYNGENTA CROP PROTECTION, INC.,         OF ITS MOTION TO DISMISS
17                                          PLAINTIFFS' COMPLAINT**
              Defendant.
18                                          Hearing Date: June 26, 2008
                                            Hearing Time: 2:30 p.m.
19                                          Courtroom 6, 17th floor

20              **DOCUMENT SUBMITTED UNDER SEAL**

21

22

23

24

25

26

27

28

1

**MANUAL FILING NOTIFICATION**

2

REGARDING:  **EXHIBIT 8 TO THE DECLARATION OF ROBERT DURAND  IN**

3

**SUPPORT OF SYNGENTA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

4

**PLAINTIFFS' COMPLAINT**.

5

This filing is in paper or physical form only, and is being maintained in the case file in the

6

Clerk's office.  If you are a participant in this case, this filing will be served in hard-copy shortly.

7

For information on retrieving this filing directly from the court, please see the court's main web site

8

at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).  This filing was not

9

efiled for the following reason:

10

[  ] Voluminous Document (PDF file size larger than the efiling system allows).

11

[  ] Unable to Scan Documents

12

13

[_] Physical Object (description): _____

14

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

15

**[X] Item Under Seal**

16

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

17

[_] Other (description): _____

18

19

20

Dated:  June 19, 2008

21

22

23

24

25

26

27

28

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By:_____/s/_____

Erik R. Puknys