1  REGINALD D. STEER (SBN 56324)
   AMIT KURLEKAR (SBN 244230)
2  **AKIN GUMP STRAUS HAUER & FELD LLP**
   580 California Street, 15th Floor
3  San Francisco, California 94104-1036
   Telephone: 415-765-9500
4  Facsimile: 415-765-9501
   Email: RSteer@AkinGump.com

5  Attorneys for Plaintiffs
   VALENT U.S.A. CORPORATION
6  and SUMITOMO CHEMICAL COMPANY, LTD.

7
                  UNITED STATES DISTRICT COURT
8                 NORTHERN DISTRICT OF CALIFORNIA
                     (SAN FRANCISCO DIVISION)
9

10

| 11 | VALENT U.S.A. CORPORATION and SUMITOMO CHEMICAL CO., LTD., | **CASE NO. 08-CV-0720 VRW** |
|---|---|---|
| 12 | Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR EXPEDITED DISCOVERY** |
| 13 | v. | |
| 14 | SYNGENTA CROP PROTECTION, INC., | Hearing Date: June 26, 2008<br>Hearing Time: 2:30 p.m.<br>Courtroom: Courtroom 6, 17th floor |
| 15 | Defendant. | |

## I. INTRODUCTION

Pursuant to the Court's Order entered May 30, 2008 and Local Rule 7-3(c), Plaintiffs Valent U.S.A. Corporation and Sumitomo Chemical Company, Ltd. ("Plaintiffs") submit this reply in support of their motion for expedited discovery. In its response to Plaintiffs' motion, Defendant Syngenta Crop Protection, Inc. ("Syngenta") asserts that Plaintiffs' motion should not be granted because jurisdiction has not yet been determined. However, as explained below, the Court already addressed Syngenta's concerns by rescheduling the hearing on Syngenta's motion to dismiss. Syngenta also asserts that Plaintiffs discovery requests are "overbroad" and "wide-ranging." But as Plaintiffs explained in their motion, their discovery requests are of very limited scope – *i.e.*, information relevant to the '469 patent's validity and are in full compliance with *Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273 (N.D. Cal. 2002). Syngenta also asserts that Plaintiffs would not benefit from the granting of their motion because there should be no reasonable expectation that the case will be resolved in the next six months. However, this ignores the fact that it was Syngenta's delay tactics that have placed Plaintiffs in this position in the first place. It also ignores the fact that starting discovery now would benefit not only Plaintiffs, but also the Court by potentially speeding the resolution of this case.

Syngenta has not opposed Plaintiffs' alternative proposal that the Case Management Conference be rescheduled to an earlier date so that discovery may commence sooner by operation of the Federal Rules of Civil Procedure. Granting Plaintiffs' alternative request would moot Syngenta's purported concerns about the scope of the discovery Plaintiffs have requested.

## II. STATEMENT OF ISSUES TO BE DECIDED

The issue to be decided is whether Plaintiffs' motion for expedited discovery should be granted, or in the alternative, whether the Case Management Conference should be rescheduled to an earlier date so that discovery may commence sooner by operation of the Federal Rules of Civil

2

Procedure.

## III. STATEMENT OF FACTS

As Plaintiffs explained in their motion for expedited discovery and in their opposition to Syngenta's motion to dismiss the complaint, Plaintiffs would have filed the present lawsuit 15 months earlier than they did were it not for Syngenta's delaying the discussions of a license under the '469 patent for one year, in a calculated effort to exclude Plaintiffs from selling clothianidin for treatment of seeds of genetically engineered plants.

The Plaintiffs are greatly prejudiced by Syngenta's delay because the products at issue are agricultural and sales are driven by relevant annual seed treating and planting seasons, coupled with the promotional and developmental activities that must take place before farmers actually decide to use the new products. Even just a few months of delay in discovery, and in the ultimate resolution of this case, can potentially delay the introduction of Plaintiffs' products for an additional year.

Syngenta continued with its strategy of delay by filing an unjustified motion to dismiss the complaint. As Plaintiffs explained in their opposition to that motion, not only do the facts fully support jurisdiction, but virtually every legal argument Syngenta offers has been rejected by recent Supreme Court and Federal Circuit decisions. Syngenta also offered virtually no relevant evidence to support its motion even though it was fully aware of Plaintiffs' allegations since January 2008, when Plaintiffs filed their complaint. Thus, Syngenta's motion was apparently a deliberate attempt to further delay resolution of this case instead of a sincere evidence-based challenge to Plaintiffs' theory of jurisdiction.

Syngenta has delayed long enough. Plaintiffs' motion for expedited discovery requests that Syngenta be ordered to produce within 30 days certain limited categories of information that it would normally be obligated to produce as part of its initial disclosures under FED. R. CIV. P. 26(a)(1)(A)(ii). Naturally, Plaintiffs would reciprocate with similar discovery.

Plaintiffs relied upon this district's decision in *Semitool* as support for their motion. In its response, Syngenta does not dispute that the same factors present in *Semitool* are also present in this case, and thus, support granting Plaintiffs' motion. Indeed, Syngenta is silent on certain *Semitool* factors, apparently realizing that it would risk losing all credibility with this Court if it were to attempt to dispute the indisputable.[1]

Syngenta also does not oppose Plaintiffs' alternative request that the Case Management Conference be rescheduled to an earlier date convenient for the Court. Thus, Plaintiffs renew their request that their motion for expedited discovery be granted, or in the alternative, that the Case Management Conference be rescheduled to an earlier date so that discovery may commence sooner by operation of the Federal Rules of Civil Procedure.

## IV.     ARGUMENT

### A.     The Court Has Already Indicated that it is Deciding Syngenta's Motion to Dismiss the Complaint Prior to Deciding Plaintiffs' Motion for Expedited Discovery

Plaintiffs were frankly surprised to see Syngenta repeatedly assert throughout its response that it should not have to produce documents before its motion to dismiss is decided. *See* Syngenta Response at 1, 3, 4, 5, 6, 7, 8. Syngenta is apparently confused. Although, as explained below, Plaintiffs would be entitled to expedited discovery prior to Syngenta's motion being decided, that is not what Plaintiffs propose at this time. By rescheduling the hearing for Syngenta's motion to dismiss from August 14, 2008 to June 26, 2008 (*See* D.I. 69), and by hearing argument on both Syngenta's motion to dismiss and Plaintiffs' motion for expedited discovery on the same date, this Court has already indicated that it will decide Syngenta's motion to dismiss prior to potentially ordering expedited discovery. Thus, most, if not all, of Syngenta's concerns with Plaintiffs' motion for expedited discovery have already been addressed by the Court.

---

[1]     *See* footnote 4 *infra.*

4

Further, nothing prevents this Court from issuing an order for expedited discovery before it decides the motion to dismiss. *See Nielsen v. Merck & Co.*, 2007 U.S. Dist. LEXIS 21250, 2007 WL 806510 (N.D. Cal. Mar. 15, 2007); *see also Invitrogen Corp. v. President and Fellows of Harvard College*, 2007 WL 2915058 (S.D. Cal. Oct. 4, 2007).[2]

**B.   Plaintiffs' Discovery Requests are of a Limited Scope -- Not "Overbroad," or "Wide-Ranging"**

In its response, Syngenta repeatedly asserts that Plaintiffs' discovery requests are "overbroad" and "wide-ranging, as they go beyond what is relevant to the motion to dismiss." *See, e.g.,* Syngenta Response at 1, 2, 5. But as noted above, Plaintiffs are seeking limited information related to the merits of the case in accordance with *Semitool*. As Plaintiffs explained in their motion for expedited discovery, they are seeking information of a limited scope as compared with what they could have sought. Specifically, Plaintiffs are requesting information that Syngenta would normally be obligated to produce as part of its initial disclosures under FED. R. CIV. P. 26(a)(1)(A)(ii) -- *i.e.,* documents relevant to the validity of the '469 patent and documents regarding other potential parties that should be joined to this lawsuit. *See* Plaintiffs' Motion at 3 and 7-8.[3]

In fact, Plaintiffs purposefully requested discovery of a limited scope because that was an important factor considered by this district in *Semitool* when it granted the plaintiff's motion for expedited discovery. *Semitool* at 277.[4] Indeed, there are many other categories of documents which

---

[2]   In one breath, Syngenta asserts that any expedited discovery granted prior to the Court's decision on its motion to dismiss the complaint should be limited to the issues pending in the motion to dismiss. Yet, in another breath, Syngenta acknowledges that there is no general rule requiring such limitations on expedited discovery. Syngenta Response at 2.

[3]   Syngenta attempts to introduce confusion where there is none by asserting that it is not required to produce documents as part of its initial disclosures, but rather, it is required only to provide a description of those documents. The Rule is clear that the producing party may choose either, but this does not mean the Court cannot order the parties to produce documents or otherwise make them available for inspection by the other party.

[4]   Notably, Syngenta does not dispute that the three categories of documents requested by Plaintiffs are relevant to the issues in the case and would be produced during the normal course of discovery. These factors were also important to the court in *Semitool*. Syngenta also does not dispute that the parties are represented by sophisticated counsel and that the parties have been involved in pre-litigation discussion for over a year; two additional factors that were important to

5

Plaintiffs desire and could have requested, but chose not to request at this time, in the interest of staying consistent with *Semitool*.  For example, Plaintiffs could have requested information regarding: i) all of Syngenta's sales of clothianidin; ii) all communications with anyone regarding clothianidin; iii) all communications with anyone regarding Plaintiffs Sumitomo and Valent.  And although these and other categories of documents will be requested of Syngenta at some point, Plaintiffs' motion does not seek that broad scope of discovery.[5]

### C. Granting Expedited Discovery, Even if Only By Two Months, Will Greatly Benefit Plaintiffs and the Court

As discussed above, for more than a year, Syngenta led Plaintiffs to delay filing this lawsuit. It eventually became clear that the parties' discussions would not lead to a license and that Syngenta did not want any new entrants in the business of treating seeds of genetically engineered crops with clothianidin.  Once Plaintiffs did file this lawsuit requesting a declaration that the '469 patent is invalid, Syngenta filed its motion to dismiss the complaint.  Thus, to date, Syngenta's actions have delayed Plaintiffs for more than 20 months.  As Plaintiffs have explained, granting the motion for expedited discovery would be extremely beneficial not only to Plaintiffs, but also to the Court, since it would put the parties at least two months ahead of the current schedule for the start of discovery (*i.e.,* mid-June as opposed to the end of August), and the parties will be better prepared to try to resolve the case early, either on summary judgment or through possible settlement.

---

the *Semitool* court.  *Semitool* at 277.

Syngenta attempts to distinguish *Semitool* by asserting that, unlike the defendant in *Semitool*, Syngenta has challenged the jurisdiction of this Court.  Syngenta Response at 7.  But as explained above, the Court has already addressed this concern by rescheduling the hearing for Syngenta's motion to dismiss to an earlier date.  Thus, the Court had indicated that it will decide the motion for expedited discovery once jurisdiction is decided.

[5] Curiously, Syngenta also asserts that it opposes Plaintiffs' motion because "Plaintiffs have not served any discovery requests," and "have not provided definitions and instructions with their formal requests and Syngenta has no avenue for raising appropriate objections to the requests." Syngenta Response at 8.  Putting aside the fact that Plaintiffs specifically spelled out the categories of relevant documents they are seeking, and also putting aside the fact that Syngenta apparently intends to object to the document requests after being ordered by this Court to produce such documents, Plaintiffs nonetheless attach hereto (as Ex. 1) their First Document Request Pursuant to their Motion for Expedited Discovery.

6

### D. Syngenta Does Not Oppose Plaintiffs' Alternative Request that the Case Management Conference be Rescheduled to an Earlier Date

The Case Management Conference is scheduled for September 18, 2008, which means the earliest discovery may commence under the Federal Rules is August 28, 2008. But since Syngenta's motion to dismiss will be heard 7 weeks earlier than previously scheduled, the parties will be fully prepared to discuss the case schedule earlier than September 18 and it makes sense to reschedule the Case Management Conference so that discovery can commence earlier than August 28. Syngenta has not opposed this suggestion, so Plaintiffs respectfully request that, if the Court does not find "good cause" to grant Plaintiffs' motion for expedited discovery, it reschedule the Case Management Conference.

## V. CONCLUSION

For all the foregoing reasons, Plaintiffs' motion should be granted, or in the alternative, the Case Management Conference should be rescheduled to an earlier date convenient for the Court.

DATED:    June 23, 2008              AKIN GUMP STRAUS HAUER & FELD LLP

By: /s/ Reginald D. Steer_____
Reginald D. Steer
Attorney for Plaintiffs Valent U.S.A. Corporation and
Sumitomo Chemical Company, Ltd.

**Of Counsel**:

ARTHUR WINEBURG, *Admitted Pro hac vice*
MICHAEL A. OAKES, *Admitted Pro hac vice*
DANIEL E. YONAN, *Admitted Pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD, LLP**
1333 New Hampshire Avenue, NW
Washington, DC  20036
Telephone:  202.887.4000
Facsimile:  202.887.4288

| | |
|---|---|
| 1 | JEFFREY K. SHERWOOD, *Admitted Pro hac vice*<br>SALVATORE P. TAMBURO, *Admitted Pro hac vice* |
| 2 | KIMBERLY R. PARKE, I*Admitted Pro hac vice*<br>**DICKSTEIN SHAPIRO LLP** |
| 3 | 1825 Eye Street, NW<br>Washington, DC  20006-5403 |
| 4 | Telephone:  202.420.3602<br>Facsimile:  202.420.2201 |
| 5 | |
| 6 | WILLIAM W. SCHWARZE, *Admitted Pro hac vice*<br>WEIHONG HSING, *Admitted Pro hac vice* |
| 7 | **PANITCH SCHWARZE BELISARIO & NADEL LLP**<br>2005 Market Street |
| 8 | Suite 2200<br>Philadelphia, PA  19103 |
| 9 | Telephone:  215.965.1330<br>Facsimile:  215.965.1331 |

8

# Exhibit 1

REGINALD D. STEER (SBN 56324)
AMIT KURLEKAR (SBN 244230)
**AKIN GUMP STRAUS HAUER & FELD LLP**
580 California Street, 15th Floor
San Francisco, California 94104-1036
Telephone:   415-765-9500
Facsimile:   415-765-9501
Email:         RSteer@AkinGump.com

Attorneys for Plaintiffs
VALENT U.S.A. CORPORATION
and SUMITOMO CHEMICAL COMPANY, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| VALENT U.S.A. CORPORATION and SUMITOMO CHEMICAL CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION, INC.,<br><br>Defendant. | **CASE NO. 08-CV-0720 VRW**<br><br>**EXHIBIT 1 TO PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY** |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS SERVED PURSUANT TO THEIR MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs Valent U.S.A. Corporation and Sumitomo Chemical Co. Ltd. ("Plaintiffs"), hereby serve their First Set of Requests For Production of Documents on Defendant Syngenta Crop Protection Inc. ("Syngenta Crop Protection").

Any documents responsive to the requests are to be produced or made available for inspection and copying at the offices of Dickstein Shapiro LLP, 1825 Eye Street, N.W., Washington, D.C., 20006, within thirty (30) days, after the service hereof. These requests are

continuing in nature and require supplemental production in accordance with Federal Rule of Civil Procedure 26(e). The following definitions and instructions apply.

## DEFINITIONS

A. The term "possession, custody, and control" means any document or thing either in the direct legal possession of Syngenta Crop Protection (as defined below) or anything as to which Syngenta Crop Protection has a current legal right under any applicable law to request, receive, demand, review, observe, or otherwise obtain regardless of in whose possession said document or thing currently resides.

B. "The '469 Patent" means United States Patent No. 7,105,469, issued September 12, 2006, entitled "Use of Neonicotinoids in Pest Control."

C. The term "patent-in-suit" refers to the '469 Patent.

D. The term "the Complaint" means the "Complaint for Declaratory Judgment of Patent Invalidity and Non Infringement" filed with the United States District Court, Northern District of California on January 31, 2008.

E. "Defendant," "Syngenta Crop Protection," "you," or "your" means Syngenta Crop Protection, and any present or former parent, holding company, predecessor, subsidiary, affiliate, division, subdivision, branch, partner, joint venturer, including any past or present director, officer, employee, representative, managing agent, attorney, accountant, agent, or consultant thereof.

F. "SCC" means Sumitomo Chemical Co. Ltd., and any present or former parent, holding company, predecessor, subsidiary, affiliate, division, subdivision, branch, partner, joint venturer, including any past or present director, officer, employee, representative, managing

- 2 -

agent, attorney, accountant, agent, or consultant thereof.

G.     "Valent" means Valent U.S.A. Corporation, and any present or former parent, holding company, predecessor, subsidiary, affiliate, division, subdivision, branch, partner, joint venturer, including any past or present director, officer, employee, representative, managing agent, attorney, accountant, agent, or consultant thereof.

H.     "Bayer" means Bayer AG, and any present or former parent, holding company, predecessor, subsidiary, affiliate, division, subdivision, branch, partner, joint venturer, including any past or present director, officer, employee, representative, managing agent, attorney, accountant, agent, or consultant thereof.

I.     The term "defendant" means any party named as a defendant in the above-captioned case, or any predecessor or related company of any such party.

J.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in FEDERAL RULE OF CIVIL PROCEDURE 34 (a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of FEDERAL RULE OF CIVIL PROCEDURE 26(c), electronic mail and any other electronically stored data is included within the definition of the term "document." The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in FEDERAL RULE OF EVIDENCE 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

K.     The terms "communication" or "communications" shall mean any transmission of information by one or more persons and/or between two or more persons by any means,

- 3 -

including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

    L.    The terms "and", "or", and "and/or" as used in a particular discovery request shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any document, thing, and other information that might otherwise be construed to be outside the scope of such request.

    M.    "Clothianidin" is the chemical compound known as (*E*)-1-(2-chloro-1,3-thiazol-5-ylmethyl)-3-methyl-2-nitroguanidine, and can also be referred to as 1-(2-chloro-5-thiazolylmethyl)-3-methyl-2-nitroguanidine. The chemical formula for clothianidin is $C_6H_8ClN_5O_2S$, the atomic weight is approximately 250 g/mol, and the chemical structure is shown below:

[Chemical structure diagram of Clothianidin]

    N.    The term "product" means any article that contains clothianidin or has been treated with clothianidin (*e.g.*, seeds).

    O.    The term "prior art" means any prior reference pursuant to 35 U.S.C. §§ 102 or 103, including without limitation, any invention, patent, patent application, publication, sale, offer for sale or public use, relating to the subject matter of the patent-in-suit, which has or may have an effective date of September 12, 2006, or earlier.

    P.    To the extent not otherwise defined herein, all terms shall be defined

synonymously with (1) their use in the Complaint, if used therein, or (2) their standard usage and understanding by people schooled in the relevant art, or members of the relevant technical community, or (3) their standard usage in common speech.

### INSTRUCTIONS

A.     Consistent with Federal Rule of Civil Procedure 26(e), these requests for production of documents are continuing in nature, and responsive documents that you obtain or discover after your initial response and production must be produced.

B.     Where documents in your possession, custody or control are requested, the request extends to documents in the possession, custody or control of your agents, representatives and, unless privileged, attorneys. In responding to these requests for production you have a duty to make a diligent inquiry and investigation of all persons, places and entities that might have documents responsive to these requests, and from whom Syngenta Crop Protection can obtain those documents without legal process.

C.     If you are aware of any documents that are responsive to these requests that (a) are in the possession, custody or control of another; and (b) which you are not producing because you contend that those documents are not within Syngenta Crop Protection's possession, custody or control, then you must specifically identify the documents that are not being produced, and including the identity of the person or entity in whose possession, custody or control Syngenta Crop Protection contends those documents to be.

D.     If you contend that you are entitled to withhold from production the whole or any part of any responsive documents on the basis of the attorney-client privilege, the work product doctrine, or other ground, for each such document you are to provide sufficient information to

- 5 -

permit Plaintiffs to fairly evaluate your claim of privilege, including but not limited to:

1. the nature of the document (*e.g*., letter, memorandum, electronic mail, *etc*.);
2. the date of the document;
3. the sender, author, and all recipients of the document;
4. the subject matter of the document;
5. the number of pages of the document; and
6. the basis on which you contend you are entitled to withhold the document from production.

E.     If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced.  Similarly, if an objection is made to production of a document, the portion(s) of that document not subject to objection should be produced with the portion(s) objected to clearly redacted.

F.     If you contend that any request for production is ambiguous, unclear, or otherwise incapable of response, in whole or in part, state with specificity the portion of the request for production as to which you so contend, the basis of your contention, and produce documents responsive to any portion of the request for production as to which your contention does not apply.  Where a request for production that you contend is incapable of answer due to ambiguity, error or otherwise, can be rendered answerable by inductive or deductive reasoning of the information, documents sought, identify the inductive or deductive reasoning applied, and produce documents responsive to the request for production as amended.  SCC reserves the right to clarify or correct any ambiguities and/or typographical answers identified by you as a reason for not responding or producing, and you must supplement any production that was incomplete due to the issues clarified or corrected.

G.     The singular form of a word should be interpreted in the plural as well. Any

- 6 -

pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** Documents related to the development of the inventions claimed in the '469 patent (*e.g.*, lab notebooks, documents related to the "synergistic effect" described in the specification, etc.).

**REQUEST NO. 2:** Documents related to Syngenta's use of clothianidin on genetically engineered and non-genetically engineered plants or their seeds, including data on all working examples described in the '469 patent.

**REQUEST NO. 3:** Any license agreements involving the '469 patent including the alleged license agreement with Bayer .

\*    \*    \*

- 8 -

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: June 23, 2008 | AKIN GUMP STRAUS HAUER & FELD LLP |
| 3 | | |
| 4 | | By: /s/ Reginald D. Steer |
| 5 | | Reginald D. Steer |
| | | Attorney for Plaintiffs Valent U.S.A. |
| 6 | | Corporation and Sumitomo Chemical Company, Ltd. |

(Rewriting without table formatting:)

DATED:        June 23, 2008              AKIN GUMP STRAUS HAUER & FELD LLP

By: /s/ Reginald D. Steer
    Reginald D. Steer
    Attorney for Plaintiffs Valent U.S.A.
    Corporation and Sumitomo Chemical Company,
    Ltd.

**Of Counsel**:

Arthur Wineburg, *Admitted Pro Hac Vice*
Daniel E. Yonan, *Admitted Pro Hac Vice*
Michael A. Oakes, *Admitted Pro Hac Vice*
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Ave, N.W.
Washington, D.C. 20036
Telephone: 202.887.4000
Facsimile: 202.887.4288

Jeffrey K. Sherwood ,*Admitted Pro Hac Vice*
Salvatore P. Tamburo, *Admitted Pro Hac Vice*
Kimberly R. Parke, *Admitted Pro Hac Vice*
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006
Telephone: 202.420.2200
Facsimile: 202.420.2201

William W. Schwarze, *Admitted Pro Hac Vice*
Weihong Hsing, *Admitted Pro Hac Vice*
PANITCH SCHWARZE BELISARIO & NADEL LLP
2005 Market Street
Suite 2200
Philadelphia, PA 19103
Telephone: 215.965.1330
Facsimile: 215.965.1331