1  REGINALD STEER (SBN 56324)
   AMIT KURLEKAR (SBN 244230)
2  [ADDITIONAL APPEARANCES SHOWN ON SIGNATURE PAGE]
   **AKIN GUMP STRAUS HAUER & FELD LLP**
3  580 California Street, 15th Floor
   San Francisco, California 94104-1036
4  Telephone:  415-765-9500
   Facsimile:  415-765-9501
5  Email:     RSteer@AkinGump.com

6  Attorneys for Plaintiffs
   VALENT U.S.A. CORPORATION
7  and SUMITOMO CHEMICAL COMPANY, LTD.

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                (SAN FRANCISCO DIVISION)

12

13  VALENT U.S.A. CORPORATION              **CASE NO. 08-CV-0720 RMW**
    and SUMITOMO CHEMICAL CO., LTD.,
                                           **PLAINTIFFS' LETTER PURSUANT**
14                Plaintiffs,              **TO STANDING ORDER 1.5**
                                           **REGARDING EMERGENCY**
15         v.                              **MOTION TO COMPEL**

16  SYNGENTA CROP PROTECTION, INC.,

17                Defendant.

18

19      **PLAINTIFFS' LETTER PURSUANT TO STANDING ORDER 1.5**
               **REGARDING EMERGENCY MOTION TO COMPEL**
20

21         Plaintiffs respectfully request emergency discovery relief or in the alternative, leave to file an

22  emergency motion to compel because Defendant Syngenta has refused to produce both the alleged

23  '469 patent license agreement between Syngenta and Bayer and other necessary discovery for the

24  accelerated jurisdictional discovery period that the Court ordered.

25         On June 26, the Court asked what jurisdictional discovery the plaintiffs required. Plaintiffs'

26  counsel specifically identified this alleged '469 patent license agreement and the deposition of

27  Robert Durand. The Court subsequently directed the parties to agree upon a schedule for the

28  production of this limited jurisdictional discovery.

Pursuant to the schedule agreed upon in open court, the parties produced documents on Monday, July 7. Because the parties had not agreed on a protective order by July 7, Syngenta proposed, and Plaintiffs agreed, that all documents would be produced subject to an outside counsel eyes' only restriction. In reliance upon this interim protection agreement, Plaintiffs produced documents with highly sensitive commercial information including license agreements with Bayer. In stark contrast, Syngenta did not produce the license agreement, asserting it must wait until a protective order is entered and until it has obtained Bayer's consent. *See* Syngenta's Response to Plaintiffs' First Request for Production of Documents, attached as Exh. 1, at 6. But, this is plainly wrong – (1) Syngenta has known since at least the June 26 hearing that it would have to produce the license agreement and has had ample time to seek consent but only requested that consent by letter today, according to Barbara McCurdy, Syngenta's counsel; and (2) Syngenta's *own proposal* to produce documents on an attorneys' eyes only basis resolved any concern about a protective order.

Similarly, Syngenta should be ordered to comply with Plaintiffs' Document Requests 2, 3, 4 and 6, for the production of correspondence and communications between Syngenta and Bayer regarding the '469 patent. *See* Exh. 1 at 4 – 6. Like the license agreement, this discovery, including any alleged confidentiality obligation to Bayer such as a joint defense agreement, is plainly relevant.

Plaintiffs therefore request: (1) that the alleged license agreement and all communications regarding the '469 patent between Bayer and Syngenta be produced by 12:00 pm EDT July 9; (2) that Defendant's witness Robert Durand, (Syngenta's Head of Licensing), who claimed to be unavailable during the scheduled deposition time, and is now scheduled to appear for deposition on July 11, be ordered to appear after Plaintiffs have had a reasonable time to review the missing documents; and (3) that the defendant's other witness, Hans Fricker, who also claimed to be unavailable during the agreed time for depositions be required to appear during the weeks of July 14 or 21, as agreed in Court.

1   DATED:      July 8, 2008                    DICKSTEIN SHAPIRO LLP

2

3                                               By:_____
                                                    Jeffrey K. Sherwood
4                                               Attorney for Plaintiffs Valent U.S.A.
                                                Corporation and Sumitomo Chemical
5                                               Company, Ltd.

6   Jeffrey K. Sherwood , *Admitted Pro Hac Vice*
    Salvatore P. Tamburo, *Admitted Pro Hac Vice*
7   Kimberly R. Parke, *Admitted Pro Hac Vice*
    DICKSTEIN SHAPIRO LLP
8   1825 Eye Street, N.W.
    Washington, D.C. 20006
9   Telephone: 202.420.2200
    Facsimile: 202.420.2201
10
    William W. Schwarze, *Admitted Pro Hac Vice*
11  Weihong Hsing, *Admitted Pro Hac Vice*
    PANITCH SCHWARZE BELISARIO & NADEL LLP
12  2005 Market Street
    Suite 2200
13  Philadelphia, PA 19103
    Telephone: 215.965.1330
14  Facsimile: 215.965.1331

15  Arthur Wineburg, *Admitted Pro Hac Vice*
    Daniel E. Yonan, *Admitted Pro Hac Vice*
16  Michael A. Oakes, *Admitted Pro Hac Vice*
    AKIN GUMP STRAUSS HAUER & FELD LLP
17  1333 New Hampshire Ave, N.W.
    Washington, D.C. 20036
18  Telephone: 202.887.4000
    Facsimile: 202.887.4288

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' LETTER REGARDING EMERGENCY MOTION TO COMPEL                    08-CV-0720 RMW

1

## Certificate of Service

2    The undersigned hereby certifies that on July 8, 2008, she served a copy of the attached

3    PLAINTIFFS' LETTER PURSUANT TO STANDING ORDER 1.5 REGARDING EMERGENCY

4    MOTION TO COMPEL by electronic mail to the persons hereinafter named, at the place and

5    address stated below:

6
Barbara Clarke McCurdy
7    Michael John Flibbert
Michael J. Leib
8    Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
9    901 New York Avenue NW
Washington, DC  20001-4413
10    E-mail: barbara.mccurdy@finnegan.com
E-mail: michael.flibbert@finnegan.com
11    E-mail: michael.leib@finnegan.com

12
Eric Raymond Puknys
13    Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
3300 Hillview Avenue
14    Palo Alto, CA  94304
E-mail: erik.puknys@finnegan.com
15

16    Attorneys for Defendant Syngenta Crop Protection, Inc.

17

18

19                          /s/ Kimberly R. Parke_____
                          Kimberly R. Parke
20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  Erik R. Puknys
   (CAB #190926; erik.puknys@finnegan.com)
2  FINNEGAN, HENDERSON, FARABOW,
       GARRETT & DUNNER, L.L.P.
3  3300 Hillview Avenue
   Palo Alto, CA 94304
4  Telephone: (650) 849-6600
   Facsimile: (650) 849-6666
5
   Attorneys for Defendant
6  SYNGENTA CROP PROTECTION, INC.

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                   (SAN FRANCISCO DIVISION)

11 VALENT U.S.A. CORPORATION and          CASE NO. 08-cv-0720 VRW
   SUMITOMO CHEMICAL CO., LTD.,
12                                         **SYNGENTA'S RESPONSE TO
                 Plaintiffs,               PLAINTIFFS' FIRST REQUEST FOR
13                                         PRODUCTION OF DOCUMENTS**

               v.
14
   SYNGENTA CROP PROTECTION, INC.,
15
                 Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Syngenta Crop Protection, Inc. ("Syngenta") objects and responds to the First Request for Production of Documents of Plaintiffs Valent U.S.A. Corporation and Sumitomo Chemical Co., Ltd. (collectively "Plaintiffs") as follows:

## I.    GENERAL OBJECTIONS

Syngenta objects to Plaintiffs' requests, corresponding instructions, and definitions (collectively "requests") on the following grounds:

A.    Syngenta objects to Plaintiffs' requests to the extent they seek documents or things protected by attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity (hereinafter referred to as "privileged documents or things"). Documents and things that are not privileged or work product, and whose production is not objected to on some other basis, will be produced. To the extent privileged or work-product information is called for by Plaintiffs' requests, and is embodied in documents or things, the documents or things will be identified in a listing of privileged and work-product documents.

B.    Syngenta objects to Plaintiffs' requests to the extent they seek to impose on Syngenta obligations beyond those of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or any standing orders of the Court.

C.    Syngenta objects to Plaintiffs' requests to the extent they seek to require Syngenta to provide documents or things beyond what is available to Syngenta at present from a reasonable search of its own files and from a reasonable inquiry of its present employees.

D.    Syngenta objects to Plaintiffs' requests to the extent they seek documents or things that are already within Plaintiffs' possession, custody, or control.

E.    Syngenta objects to Plaintiffs' requests to the extent that they seek documents or things that are not within the possession, custody, or control of the named defendant, Syngenta Crop Protection, Inc., or its present employees, officers, directors, or agents. Companies affiliated with

1  defendant Syngenta have agreed to produce responsive documents within their control only for the
2  limited purpose of the subject matter jurisdiction inquiry. The production of these documents does
3  not constitute a waiver of any rights and is not an admission that defendant Syngenta maintained
4  control over the documents or that defendant Syngenta controls other documents within the
5  possession of its affiliates. Defendant Syngenta reserves the right to refuse to produce documents
6
7  that are not within its possession, custody, or control in the future. For the same reasons, Syngenta
8  objects to Plaintiffs' definitions of "Defendant" and "Syngenta Crop Protection" in paragraph E of
9  Plaintiffs' request to the extent that the definitions include entities other than the named defendant or
10 its present employees, officers, directors, or agents.
11         F.      Syngenta objects to Plaintiffs' requests to the extent they are overly broad and unduly
12 burdensome or seek documents or things that are neither relevant to the issue of subject matter
13 jurisdiction nor reasonably calculated to lead to the discovery of relevant or admissible evidence
14 related to jurisdiction.
15
16         G.      Syngenta objects to the production of an entire document that contains both
17 information falling within a document request and information irrelevant to any issue in this
18 litigation. Syngenta reserves the right to mask out irrelevant information from a document before
19 producing the masked document to Plaintiffs. However, the mere production of information does
20 not indicate that the information is relevant to this litigation.
21
22         H.      Syngenta objects to Plaintiffs' requests as overly broad, unduly burdensome, and not
23 reasonably calculated to lead to the discovery of relevant or admissible evidence related to
24 jurisdiction to the extent they request Syngenta to produce documents generated after the January 31,
25 2008 filing date of this action.
26         I.      The following responses reflect Syngenta's present knowledge, information, and
27 belief and may be subject to change or modification based on information Syngenta subsequently
28 becomes aware of.

2

J.    Syngenta will produce non-privileged documents and things responsive to Plaintiffs' requests on an outside-counsel-only basis pending entry of an appropriate protective order governing this case.

K.    Nothing in these responses should be construed as waiving any rights or objections that otherwise might be available to Syngenta, nor should Syngenta's answering of any of these requests be deemed an admission of relevancy, materiality, or admissibility in evidence of the discovery requests or the responses thereto.

L.    A response that documents or things will be produced should not be construed as a representation that such documents or things exist or existed.  Such responses indicate only that documents or things responsive to the request, subject to the applicable objections, will be produced if found after a reasonable search.

M.    An objection asserting that a request seeks privileged documents or things should not be construed as a representation that such documents or things exist or existed.

N.    Syngenta objects to the production of documents and things subject to the rights of third parties not affiliated with Syngenta.  In particular, Syngenta objects to the production of documents and things to the extent that such disclosure is prohibited by the terms of any protective order or any obligations of confidentiality between Syngenta and third parties.  Syngenta will not produce any documents or things that are subject to the rights of third parties without prior consent from such parties.

O.    Syngenta will provide a privilege log identifying privileged documents and things withheld from production at an appropriate time to be agreed upon by the parties.

These general objections apply to all of Syngenta's responses.  To the extent specific objections are cited in a specific response, those specific objections are provided because they are believed to be particularly applicable to the specific request and are not to be construed as a waiver of any other general objection applicable to information falling within the scope of the request.

Syngenta's Response to Plaintiffs' Request for Production
Case No. 08-cv-0720-VRW

## II.    SPECIFIC OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST NO. 1.**

All communications between Syngenta and SCC concerning, at least in part, the '469 patent, and any and all documents referring or relating to such communications, including, but not limited to, any and all notes and emails generated by Dr. Heinis, Robert Durand, Marian Flattery, Jonathan Sullivan and Mr. Atkins.

**RESPONSE TO REQUEST NO. 1.**

Syngenta incorporates its general objections and reservations by reference.

Syngenta objects to this request to the extent it seeks the production of privileged documents or things.  Syngenta objects to this request to the extent it is overly broad and unduly burdensome, and encompasses subject matter that is not relevant nor reasonably calculated to lead to the discovery of relevant and admissible evidence related to subject matter jurisdiction.  Syngenta also objects to this request to the extent that it seeks production of documents already in Plaintiffs' possession.

Subject to these specific and general objections, Syngenta will produce documents responsive to this request to the extent they are not protected by the attorney-client and/or work-product immunity, and are located after a reasonable search.

**REQUEST NO. 2.**

All communications between Syngenta and Bayer concerning, at least in part, the '469 patent, and any and all documents referring or relating to such communications, including, but not limited to, any and all notes and emails generated by Dr. Heinis, Robert Durand, Marian Flattery, Jonathan Sullivan and Mr. Atkins.

**RESPONSE TO REQUEST NO. 2.**

Syngenta incorporates its general objections and reservations by reference.

Syngenta objects to this request to the extent it seeks the production of privileged documents or things.  Syngenta objects to this request given that the scope of the request, which seeks "[a]ll communications between Syngenta and Bayer concerning . . . the '469 patent," is overly broad and encompasses subject matter not relevant to the narrow focus of the jurisdictional inquiry.  Syngenta

1  further objects to this request to the extent it seeks the production of documents or things protected

2  by obligations of confidentiality to third parties.

3      Subject to these specific and general objections, Syngenta will produce documents related to

4  communications between Syngenta and Bayer concerning Plaintiffs seeking a license under the '469

5  patent to the extent such documents are not protected by the attorney-client and/or work-product

6  immunity or third-party confidentiality, and are located after a reasonable search.

7  **REQUEST NO. 3.**

8      All communications between Syngenta and Bayer concerning, at least in part, the patent
9  application which eventually issued as the '469 patent (i.e., U.S. Application No. 11/019,051), and
   any and all documents referring or relating to such communications, including, but not limited to,
10  any and all notes and emails generated by Dr. Heinis, Robert Durand, Marian Flattery, Jonathan
   Sullivan and Mr. Atkins.
11
   **RESPONSE TO REQUEST NO. 3.**
12
13      Syngenta incorporates its general objections and reservations by reference.

14      Syngenta objects to this request to the extent it seeks the production of privileged documents

15  or things.  Syngenta objects to this request given that the scope of the request, which seeks "[a]ll

16  communications between Syngenta and Bayer concerning . . . the patent application which

17  eventually issued as the '469 patent," is overly broad and encompasses subject matter not relevant to

18  the narrow focus of the jurisdictional inquiry.  Syngenta further objects to this request to the extent it

19  seeks the production of documents or things protected by obligations of confidentiality to third

20
21  parties.

22      Syngenta will not produce documents responsive to this request given that the request seeks

23  material not relevant to subject matter jurisdiction.

24  **REQUEST NO. 4.**

25      All communications between Syngenta and Bayer concerning, at least in part, SCC's seeking
26  a license under the '469 patent, and any and all documents referring or relating to such
   communications, including, but not limited to, any and all notes and emails generated by Dr. Heinis,
27  Robert Durand, Marian Flattery, Jonathan Sullivan and Mr. Atkins.

28

Syngenta's Response to Plaintiffs' Request for Production
Case No. 08-cv-0720-VRW

1  **RESPONSE TO REQUEST NO. 4.**

2      Syngenta incorporates its general objections and reservations by reference.

3      Syngenta objects to this request to the extent it seeks the production of privileged documents

4  or things.  Syngenta objects to this request to the extent it is overly broad and unduly burdensome,

5  and encompasses subject matter that is not relevant nor reasonably calculated to lead to the

6  discovery of relevant and admissible evidence related to subject matter jurisdiction.  Syngenta

7
   further objects to this request to the extent it seeks the production of documents or things protected

8
9  by obligations of confidentiality to third parties.

10      Subject to these specific and general objections, Syngenta will produce documents

11  responsive to this request to the extent they are not protected by the attorney-client and/or work-

12  product immunity or third-party confidentiality, and are located after a reasonable search.

13  **REQUEST NO. 5.**

14      The Syngenta-Bayer license agreement relating to the '469 patent, which according to
    paragraph 6 of Mr. Durand's declaration dated June 19, 2008, is entitled "Patent License," and
15  which was executed on April 5, 2006.

16  **RESPONSE TO REQUEST NO. 5.**

17      Syngenta incorporates its general objections and reservations by reference.

18      Syngenta objects to this request to the extent it seeks the production of documents or things
19
   protected by obligations of confidentiality to third parties.
20
21      Subject to these specific and general objections, Syngenta will produce the Syngenta-Bayer

22  license agreement relating to the '469 patent identified in paragraph 6 of the Durand declaration only

23  after a protective order is in place in this case and written consent is received from Bayer granting

24  permission to produce the agreement.

25  **REQUEST NO. 6.**

26      All documents related to the Syngenta-Bayer license agreement of Request No. 5, including,
    but not limited to, any drafts of the Syngenta-Bayer license agreement, the five (5) other contracts
27  that, on information and belief, are linked to the Syngenta-Bayer license agreement, any
    correspondence between Syngenta and Bayer regarding the Syngenta-Bayer license agreement, any
28

6

confidentiality agreements, non-disclosure agreements, letters of intent, manufacturing and supply agreements, etc.

**RESPONSE TO REQUEST NO. 6.**

Syngenta incorporates its general objections and reservations by reference.

Syngenta objects to this request to the extent it seeks the production of privileged documents or things. Syngenta objects to this request as overly broad and unduly burdensome, and seeks subject matter that is not relevant nor reasonably calculated to lead to the discovery of relevant and admissible evidence related to subject matter jurisdiction. Syngenta further objects to this request to the extent it seeks the production of documents or things protected by obligations of confidentiality to third parties.

Syngenta will not produce documents responsive to this request given that any drafts of the Syngenta-Bayer license agreement, any correspondence between Syngenta and Bayer regarding the Syngenta-Bayer license agreement, any confidentiality agreements, non-disclosure agreements, letters of intent, manufacturing and supply agreements, etc., are not relevant to subject matter jurisdiction. Further, the five "other contracts" are not linked to the Syngenta-Bayer license agreement and thus are also not relevant to subject matter jurisdiction.

**REQUEST NO. 7.**

All communications referring or relating to SCC's and/or Valent's use and/or planned sale of clothianidin for use on genetically engineered crops and/or seeds, and any and all documents referring or relating to such communications, including, but not limited to, any and all notes and emails generated by Dr. Heinis, Robert Durand, Marian Flattery, Jonathan Sullivan and Mr. Atkins.

**RESPONSE TO REQUEST NO. 7.**

Syngenta incorporates its general objections and reservations by reference.

Syngenta objects to this request to the extent it seeks the production of privileged documents or things. Syngenta objects to this request as not limited in time to documents generated on or before the January 31, 2008 filing date of this action.

Subject to these specific and general objections, Syngenta will produce documents responsive to this request generated on or before January 31, 2008 to the extent they are not protected by the attorney-client and/or work-product immunity, and are located after a reasonable search.

**REQUEST NO. 8.**

All documents reviewed by Mr. Durand, and/or upon which Mr. Durand relied, in connection with the preparation of his declaration dated June 19, 2008.

**RESPONSE TO REQUEST NO. 8.**

Syngenta incorporates its general objections and reservations by reference.

Syngenta objects to this request to the extent it seeks the production of privileged documents or things.  Syngenta objects to this request as vague and ambiguous in that "relied" is not defined.

Subject to these specific and general objections, Syngenta will produce documents responsive to this request to the extent they are not protected by the attorney-client and/or work-product immunity, and are located after a reasonable search.

**REQUEST NO. 9.**

If Syngenta contends there is no substantial controversy between Syngenta and Plaintiffs concerning Plaintiffs' need for a license under the '469 patent in order to sell clothianidin for use on genetically engineered crops and/or seeds, then produce all communications and documents upon which Syngenta intends to rely for that contention.

**RESPONSE TO REQUEST NO. 9.**

Syngenta incorporates its general objections and reservations by reference.

Syngenta notes that documents responsive to this request were included as exhibits to Syngenta's motion to dismiss, as an exhibit to Syngenta's reply in support of its motion to dismiss, and as exhibits to the Durand declaration.  Subject to the general objections, Syngenta will produce any other non-privileged documents responsive to this request that are located after a reasonable search.

**REQUEST NO. 10.**

Any and all documents referring or relating to the terms under which Syngenta is willing to license SCC under the '469 patent.

**RESPONSE TO REQUEST NO. 10.**

Syngenta incorporates its general objections and reservations by reference.

Syngenta objects to this request to the extent it seeks the production of privileged documents or things.

Subject to these specific and general objections, Syngenta will produce documents responsive to this request to the extent they are not protected by the attorney-client and/or work-product immunity, and are located after a reasonable search.

DATED:  July 7, 2008                    FINNEGAN, HENDERSON, FARABOW,
                                        GARRETT & DUNNER, LLP


                                        By _Michael J. Flibbert_
                                        Barbara C. McCurdy
                                        Michael J. Flibbert
                                        FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER, L.L.P.
                                        901 New York Avenue, N.W.
                                        Washington, D.C.  20001-4413
                                        (202) 408-4000
                                        (202) 408-4400 (fax)
                                        barbara.mccurdy@finnegan.com
                                        michael.flibbert@finnegan.com
                                        Attorneys for Defendant Syngenta Crop Protection, Inc.

1

2                                **CERTIFICATE OF SERVICE**

3        It is hereby certified that a true and correct copy of SYNGENTA'S RESPONSE TO

4  PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS was served this 7th day of July,

5  2008, via e-mail and overnight delivery to the following:

6

7                      Jeffrey K. Sherwood
                       Dickstein Shapiro LLP
8                      1825 Eye Street, NW
                       Washington, DC 20006-5403
9                      Tel: (202) 420-3602

10
                       Reginald Steer
11                     Akin Gump Strauss Hauer Feld LLP
                       580 California Street, Suite 1500
12                     San Francisco, CA 94104-1036
                       Tel: (415) 765- 9520
13

14                     Arthur Wineburg
                       Michael A. Oakes
15                     Daniel E. Yonan
                       Akin Gump Strauss Hauer Feld LLP
16                     1333 New Hampshire Avenue, NW
                       Washington, DC 20036
17                     Tel:  (202) 887-4000

18
                       William W. Schwarze
19                     Weihong Hsing
                       Panitch Schwarze Belisario & Nadel LLP
20                     2005 Market Street, Suite 2200
                       Philadelphia, PA 19103
21

22

23

24

25

26

27

28

Syngenta's Response to Plaintiffs' Request for Production
                                            Case No. 08-cv-0720-VRW