

901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

**BARBARA C. MCCURDY**
202-404-4047
barbara.mccurdy@finnegan.com

July 9, 2008

**VIA Electronic Filing**

The Honorable Vaughn R. Walker
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

> *Valent U.S.A. Corp. and Sumitomo Chemical Co., LTD v.*
> *Syngenta Crop Protection, Inc.*, Case No. CV080720 VRW

Dear Chief Judge Walker,

     Plaintiffs' request for emergency relief or, in the alternative, leave to file an emergency motion to compel is unnecessary and should be denied. *See* Sumitomo's July 8, 2008 letter to the Court [D.I. 99] and revised July 8, 2008 letter [D.I. 100]. Sumitomo identified two items it wanted for jurisdictional discovery at the June 26, 2008 hearing - the April 2006 '469 patent license agreement between Syngenta and Bayer CropScience and a deposition of Mr. Robert Durand. *Id.* at 1. The '469 agreement was produced today (on an outside counsel-eyes only basis), Bayer having expressed its willingness to provide written consent to such disclosure. (As Syngenta's counsel advised Sumitomo's counsel yesterday afternoon, Bayer's consent to disclosure was requested by Syngenta and was expected to be forthcoming.) And Mr. Durand is already en route from Europe to appear for a deposition in the U.S., scheduled by agreement of the parties for this Friday, July 11, 2008. Thus, Sumitomo has the two things it sought at the hearing related to jurisdiction and the Court's intervention is unnecessary.

     In addition to the above, Syngenta has also produced communications between Syngenta and Sumitomo, as well as communications between Syngenta and Bayer, related to Sumitomo's request for a license under the '469 patent. Relevant non-privileged documents relating to such communications were also produced by Syngenta. Sumitomo has therefore already received any additional relevant documents related to the question of whether there is a case or controversy between Syngenta and Sumitomo on the '469 patent. Moreover, while Sumitomo made no mention of Mr. Hans Fricker as a witness they sought in connection with jurisdictional discovery at the June 26, 2008 hearing, Sumitomo has now requested his deposition and Syngenta has offered to provide Mr. Fricker, also a European resident, for deposition in the U.S. on August 5, 2008, when he is available to do so. Sumitomo has not indicated any conflict with this date.

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

The Honorable Vaughn R. Walker
July 9, 2008
Page 2

    Sumitomo's letter improperly attempts to sweep in documents, in the possession of non-party foreign affiliates of Syngenta, not identified at the June 26 hearing and completely unrelated to the question of subject matter jurisdiction under the *MedImmune* and post-*MedImmune* case law discussed in the parties' briefs on the motion to dismiss. *See* D.I. 99 and 100 at 2. Sumitomo purported to seek the '469 agreement to determine whether it could name Bayer as a party to this action and to confirm Syngenta's representation that the agreement required Bayer's consent for Syngenta to grant additional licenses. Neither of those questions relates to whether there is a case or controversy between Syngenta and Sumitomo, but in any event, the agreement itself, which Sumitomo now has, should answer them. Sumitomo makes no showing that other documents having no nexus to Sumitomo's request for a license under the '469 patent bear any relationship to the limited jurisdictional discovery authorized by the Court.

    As explained above, the Court's intervention is unnecessary at this time. Sumitomo's request should be denied and no motion authorized to be filed.

Sincerely,

/s/
Barbara C. McCurdy

BCM/ves

    As the filer of this letter I attest that the concurrence in the filing of the document has been obtained from Barbara C. McCurdy.

Sincerely,

/s/
Erik R. Puknys