**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

July 21, 2008

<u>*Via Electronic Filing and Hand Delivery*</u>

The Honorable Vaughn R. Walker
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, VA 94102

      Re:   *Valent U.S.A. Corp. and Sumitomo Chemical Co. Ltd. v. Syngenta Crop Protection Inc.*
             Case No. 08-CV-0720 VRW

Dear Chief Judge Walker:

Unfortunately, Syngenta has again placed Plaintiffs in a position where they have no choice but to seek the Court's intervention. Plaintiffs respectfully request emergency discovery relief or in the alternative, leave to file an emergency motion to compel because Defendant Syngenta refuses to produce a witness who can testify about ███████████████████████████████████████
████████████████████████████████

As you may recall, during our July 9th telephone conference, your Honor asked the parties whether someone was on the discovery schedule ██████████████████████████████████████
Your Honor asked this question in response to Plaintiffs' request for documents █████████
██████████████████ including documents regarding ████████████████████

In response to your Honor's question, Plaintiffs explained that they assumed Mr. Durand of Syngenta (who, at that time, was to be deposed in two days, on July 11) would be such a witness due to his position as head of third party relations, but that they could not be sure of that since Syngenta had not produced any of the requested documents. Ms. McCurdy, Syngenta's counsel, was silent about ████████████████████████████████ Ms. McCurdy's silence left the impression that ████████████████████████████████████
As it turned out, Mr. Durand ███████████████████████████████████████████
███████

During the July 9 telephone conference, the Court also asked Plaintiffs' counsel about the relevance of the documents ████████████████ Plaintiffs seek this discovery because Syngenta insists █████████████████ Exhibit 1 to this letter, a single page letter that Syngenta has produced, refutes Syngenta's argument here, however, because, ██████
████████████████████████████████████████████████████ This objection

Washington, DC | New York, NY | Los Angeles, CA

DSMDB.2473068.02

DICKSTEINSHAPIRO LLP

The Honorable Vaughn R. Walker
July 21, 2008
Page 2

impeaches Syngenta's argument before this Court and Plaintiffs should be permitted to learn those impeaching facts. Moreover, ▮

Since Mr. Durand is not the correct witness, as Syngenta led the Plaintiffs to believe during the call with the Court, Plaintiffs served a very narrowly tailored Rule 30(b)(6) Notice on Syngenta requesting a witness ▮ Ex. 2.

In response to Plaintiffs' letter, Syngenta refuses to produce a witness, asserting again that the testimony is not relevant to jurisdiction. Plaintiffs are entitled to explore ▮ Plaintiffs cannot fully address Syngenta's argument that the Court lacks jurisdiction ▮ without the testimony of a Syngenta witness familiar with ▮ and without the documents ▮

Sincerely,

Jeffrey K. Sherwood

(202) 420-3602
sherwoodj@dicksteinshapiro.com

JKS/krp
Attachments

DSMDB.2473068.02

# EXHIBIT 1
# Filed Under Seal

# EXHIBIT 2
# Filed Under Seal