

Stanford Research Park ■ 3300 Hillview Avenue ■ Palo Alto, CA 94304-1203 ■ 650.849.6600 ■ Fax 650.849.6666
www.finnegan.com

**BARBARA C. MCCURDY**
202-404-4047
barbara.mccurdy@finnegan.com

July 22, 2008

**VIA Electronic Filing**

The Honorable Vaughn R. Walker
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    *Valent U.S.A. Corp. and Sumitomo Chemical Co., LTD v.*
    *Syngenta Crop Protection, Inc.*, Case No. CV080720 VRW

Dear Chief Judge Walker,

    Plaintiffs' request for emergency relief or, in the alternative, leave to file an emergency motion to compel to seek documents and a witness relating to negotiations between Sygenta and Bayer that occurred before Sumitomo ever approached Syngenta for a license should be denied. *See* Sumitomo's July 21, 2008 letter electronically filed with the Court yesterday [D.I. 108], but resubmitted under seal today. Sumitomo raised the identical issue in its July 8, 2008 letter to the Court [D.I. 100] and, following a response from Syngenta [D.I. 101] and a telephone conference with the parties, the Court concluded that Sumitomo had not made a sufficient showing that the additional discovery it sought was going to cast light on the jurisdictional issue, and was not persuaded that the scope of discovery should be broadened. [D.I. 104 Transcript of Telephone Conference, July 9, 2008 at 9.]

    There is no additional showing of relevance in Sumitomo's renewed request. Sumitomo raised at the July 9, 2008, conference call the existence of the type of document it now attaches as Exhibit 1 to its July 21, 2008 letter. [*See* D.I. 104 at 6.] Sumitomo refers to the deposition of Robert Durand but does not point to any testimony given by Mr. Durand that supports the relevance of the discovery sought to jurisdiction. In fact, Mr. Durand confirmed that Syngenta is willing to grant Sumitomo a license under the '469 patent upon consent from Bayer.[1] Moreover,

---

[1] Contrary to Sumitomo's assertions in its letter, Syngenta's counsel made no representation at the July 9, 2008 conference regarding Mr. Durand's involvement in the '469 agreement negotiations. Rather, Syngenta's counsel objected to the broadening of discovery to earlier negotiations between Syngenta and *Bayer* as being unrelated to jurisdiction and stated that Mr.

                                                                              (continued…)

The Honorable Vaughn R. Walker
July 22, 2008
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Sumitomo's own documents, produced after the July 9, 2008 conference, as well as testimony from Sumitomo's Mr. Moriya, further confirm Syngenta's willingness to license the '469 patent to Sumitomo upon consent from Bayer. These documents and testimony will be discussed in detail in the additional briefing on the jurisdictional issue scheduled for August. Sumitomo's renewed request should be rejected again because Sumitomo has failed to make the "more substantial showing that obtaining these additional documents is going to cast light on the jurisdictional issue that we are dealing with" referenced by the Court in the July 9, 2008 conference call. [D.I. 104 at 9.]

Events that happened before Sumitomo even approached Syngenta for a license under the '469 patent can have no relevance to the question of whether there is a case or controversy between Syngenta and Sumitomo. The case or controversy inquiry must focus on the interactions between Syngenta and Sumitomo and, specifically, whether Syngenta can be said to have asserted rights under the '469 patent based on some allegation of infringement due to actions of Sumitomo. The discovery thus far has confirmed, and certainly has not contradicted, Syngenta's position that it has never asserted infringement by the plaintiffs through any particular ongoing or planned activity of Sumitomo or Valent. This is a determinative factor as to declaratory judgment jurisdiction. *See SanDisk Corp. v. STMicroelectronics*, *Inc.,* 480 F.3d 1372, 1380-1381 (Fed. Cir. 2007)("…declaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee.") And as noted above, the discovery additionally shows that Syngenta has expressed its willingness to license Sumitomo, further supporting the absence of "some affirmative act by the patentee" *id.* generating the alleged case or controversy.

Sumitomo's argument for discovery into the negotiations between Bayer and Syngenta prior to Sumitomo even contacting Syngenta is largely based on an assumption that the information is relevant because the Bayer-Syngenta agreement itself has been the subject of discovery and testimony. However, Sumitomo has not demonstrated how discovery into events preceding any interactions between the Syngenta and Sumitomo could shed light on the jurisdictional question based on Syngenta and Sumitomo's interactions and should not be allowed as an expansion of the narrow jurisdictional discovery that the Court has authorized.

On a separate matter, Syngenta would like to advise the Court that it expects to file a letter tomorrow, July 23, 2008, seeking resolution of a claim of privilege and inadvertent disclosure asserted by Sumitomo today on a document produced yesterday. The resolution of the privilege issue, which Syngenta contends is unsustainable, is important in light of a deposition of

---

(…continued)
Durand was identified as a witness for the jurisdictional discovery based on his involvement in discussions between Syngenta and the plaintiff here, Sumitomo. [D.I. 104 at 8-9.]

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

The Honorable Vaughn R. Walker
July 22, 2008
Page 3

Sumitomo's lead negotiator in discussions with Syngenta, Mr. Shinkai, scheduled for this Friday, July 25, 2008. Counsel for Syngenta attempted to have a meet and confer with counsel for Sumitomo today, but was informed by an attorney for Sumitomo that neither of the two attorneys who could have that meet and confer were available this evening. If possible, Syngenta would like to have both issues raised by the parties addressed in a single call with the Court.

          Sincerely,

          /s/
          Barbara C. McCurdy

BCM/ves