1  REGINALD D. STEER (SBN 56324)
   AMIT KURLEKAR (SBN 244230)
2  **AKIN GUMP STRAUS HAUER & FELD LLP**
   580 California Street, 15th Floor
3  San Francisco, California 94104-1036
   Telephone:  415-765-9500
4  Facsimile:  415-765-9501
   Email:      RSteer@AkinGump.com
5
   Attorneys for Plaintiffs
6  VALENT U.S.A. CORPORATION
   and SUMITOMO CHEMICAL COMPANY, LTD.
7
   ERIK R. PUKNYS
8  (CAB#190926; erik.puknys@finnegan.com)
   FINNEGAN, HENDERSON, FARABOW,
9  GARRETT & DUNNER, L.L.P.
   3300 Hillview Avenue
10 Palo Alto, California 94304
   Telephone: (650) 849-6600
11 Facsimile: (650) 849-6666
12 Attorneys for Defendant
   SYNGENTA CROP PROTECTION, INC.
13
14
15              UNITED STATES DISTRICT COURT
16             NORTHERN DISTRICT OF CALIFORNIA
17                (SAN FRANCISCO DIVISION)
18 VALENT U.S.A. CORPORATION          **CASE NO. 08-CV-0720 VRW**
   and SUMITOMO CHEMICAL CO., LTD.,
19                                     **PROTECTIVE ORDER FOR**
                Plaintiffs,            **JURISDICTIONAL DISCOVERY**
20
21           v.
22 SYNGENTA CROP PROTECTION, INC.,
23              Defendant.
24
25
26
27
28

1   **1.**    **INTRODUCTION**

2       1.1.    WHEREAS, the parties are currently engaged in discovery pursuant to the Court's

3           civil minute order dated June 26, 2008, limited to the issue of whether the Court

4           has subject matter jurisdiction in this case;

5       1.2.    WHEREAS, the parties believe in good faith that certain information discoverable

6           in connection with the subject matter jurisdiction issue consists of financial,

7           business, sales, technical or other types of commercially valuable information that

8           the respective parties maintain in confidence in the ordinary course of business;

9       1.3.    WHEREAS, the parties reasonably believe that public disclosure of such

10          confidential information would cause financial and competitive harms to the

11          disclosing party;

12       1.4.    WHEREAS, the parties believe that good cause exists for the entry of this order

13          pursuant to F.R.Civ.P. Rule 26(c), which is narrowly tailored to protect the

14          aforementioned confidential information of the parties.

15       1.5.    By reason of the foregoing, the parties, by their counsel, jointly request that this

16          Court enter the following Stipulated Protective Order Regarding Confidential

17          Information (hereinafter, "Protective Order") in this matter.

18   **2.**    **APPLICABILITY OF THIS PROTECTIVE ORDER**

19       2.1.    The parties agree that the confidentiality provisions of this order shall apply to all

20          information, documents and things subject to discovery or submitted to the Court

21          in this Action that a party possesses or controls and designates as

22          CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL:

23          OUTSIDE ATTORNEYS' EYES ONLY pursuant to the Protective Order.

24          Information, documents or things obtained by a party from another party under this

25          Protective Order shall be used solely for purposes of this litigation, and not for any

26          other purpose or for any other legal proceeding, and not for any commercial or

27          business purpose (including the pursuit of any intellectual property rights) or in any

28          way adverse to the interests of the Producing Party.  Specifically, and without

1      limitation, such information, documents or things obtained by a party from another

2      party shall not be used for any other litigation than this Action, and shall not be

3      used in pursuit of legal rights, if any, of persons or entities not parties to this

4      Action.  Nothing in this Protective Order shall restrict a Producing Party from

5      using any Protected Material containing its own Confidential Information for any

6      purpose.

7    2.2.    The provisions of this Protective Order shall apply to properly designated

8      information, documents and things subject to discovery or submitted to the Court

9      in this action that a party or third party owns or controls, which information,

10      documents or things contain the designating party's trade secrets or other

11      confidential research, development, or commercial or financial information,

12      including without limitation, testimony at depositions upon oral examination or

13      upon written questions, answers to interrogatories, documents or things produced,

14      information obtained through inspection of premises or things, and answers to

15      requests for admission.  This Protective Order also applies to all information,

16      documents or things derived from such information, documents or things,

17      including but not limited to copies, summaries, or abstracts.  Designation of

18      Confidential Information under the provisions of this Protective Order as either

19      CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL:

20      OUTSIDE ATTORNEYS' EYES ONLY constitutes a representation that counsel

21      for the Producing Party in good faith believes that the designation is appropriate

22      under the standards set forth herein.

23  **3.**    **DEFINITIONS**

24    3.1.    "Action":  refers to the above-captioned matter, Valent U.S.A. Corporation and

25      Sumitomo Chemical Co., Ltd. v. Syngenta Crop Protection, Inc., Case No. 08-CV-

26      0720 VRW, now pending in the United States District Court for the Northern

27      District of California.

28

STIPULATED PROTECTIVE ORDER
CASE NO. 08-CV-0720 VRW
DSMDB-2476796v01

3.2.  "Confidential Information": means any non-public, commercially valuable information of a Producing Party that meets the criteria stated in the Introduction of this Protective Order.

3.3.  "Counsel" (without qualifier): includes Outside Counsel and House Counsel, as well as their support staffs, as defined herein.

3.4.  "Documents": means all information, documents or things within the scope of F.R.Civ.P. Rule 34.

3.5.  "House Counsel": means attorneys who are employees of a Party to this Action or are employees of Syngenta Limited and who are admitted to the bar of a U.S. court or state or who have foreign legal qualifications that would entitle them to maintain appropriate claims of attorney-client privilege in this Action.  House Counsel must be subject to U.S. disciplinary action, including disbarment, for violation of the terms of this Protective Order.

3.6.  "Outside Counsel": means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

3.7.  "Party": refers to any party to the Action, including all of its officers, directors, and employees, and its outside counsel retained by that party for this Action, including such counsel's support staff.

3.8.  "Producing Party": refers to a party that designates Documents or testimony as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY pursuant to § 4 of this Protective Order.

3.9.  "Protected Material": refers to any Document, or testimony that is designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY pursuant to § 4 of this Protective Order.

3.10.  "Receiving Party": a party that receives Documents in the Action.

3.11.  "Termination of this Action": refers to the earlier of either (a) when there is a settlement in this Action with respect to all causes of action, or (b) when a final judgment ending this action is no longer subject to appeal.

1    **4.    <u>DESIGNATION OF PROTECTED MATERIAL</u>**

2        4.1.    <u>TREATMENT OF MATERIALS DESIGNATED AS "CONFIDENTIAL"</u>

3            Any Document or testimony of a Producing Party which contains Confidential

4    Information may be designated as CONFIDENTIAL.  Material designated as

5    CONFIDENTIAL pursuant to this Protective Order shall only be made available to

6    the persons provided in § 5.1, and such treatment shall apply to any so designated

7    Document, testimony, or other discovery material, all copies thereof, and all

8    derived abstracts, summaries, or notes thereof to the extent they refer to the

9    Confidential Information contained therein.

10        4.2.    <u>TREATMENT OF MATERIALS DESIGNATED AS "HIGHLY</u>

11            <u>CONFIDENTIAL"</u>

12            Any Document or testimony of a Producing Party which contains particularly

13    sensitive Confidential Information may be designated as HIGHLY CONFIDENTIAL.

14    Material designated as HIGHLY CONFIDENTIAL pursuant to this Protective Order shall

15    only be made available to the persons described in § 5.2, and such treatment shall apply to

16    any so designated Document, testimony, or other discovery material, all copies thereof,

17    and all derived abstracts, summaries, or notes thereof to the extent they refer to the

18    Confidential Information contained therein.  Disputes regarding whether material is

19    properly designated as "HIGHLY CONFIDENTIAL," shall be resolved in accordance

20    with § 10.

21        4.3.    <u>TREATMENT OF MATERIALS DESIGNATED AS "HIGHLY</u>

22            <u>CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY"</u>

23            Any Document or testimony of a Producing Party which contains highly sensitive

24    competitive business Confidential Information may be designated as HIGHLY

25    CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY.  Material designated

26    as HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY pursuant

27    to this Protective Order shall only be made available to a Party's Outside Counsel

28    and such treatment shall apply to any so designated Document, testimony, or other

discovery material, all copies thereof, and all derived abstracts, summaries, or notes thereof to the extent they refer to the Confidential Information contained therein.  By way of example, but not limitation, some of the types of information that may be designated as HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY include:

4.3.1.  The names, or other information tending to reveal the identity of a Party's present and/or prospective customers;

4.3.2.  Information tending to reveal offered or agreed upon terms of a sale, including information regarding product pricing;

4.3.3.  Information tending to reveal the number of products sold, total dollar value of products sold, and profit margins for such products;

4.3.4.  Information tending to reveal product and/or manufacturing specifications, mixing formulas and/or batch recipes, including but not limited to, specifications included in FIFRA-related filings and/or formulation agreements; and

4.3.5.  Information tending to reveal any competitive marketing analyses conducted by a Party, including but not limited to any business and/or financial projections.

Other categories of HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY information may exist.  Disputes regarding whether material is properly designated as "HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY," shall be resolved in accordance with § 10.

4.4.    EXERCISE OF RESTRAINT IN DESIGNATION

The Producing Party agrees to designate information as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY on a good faith basis and not for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's or the public's access to information concerning the lawsuit.  A

1    Producing Party must take care to designate for protection only those parts of the

2    Documents or testimony that qualify – so that other portions of such Documents or

3    testimony for which protection is not warranted are not swept unjustifiably within

4    the ambit of this Protective Order.

5    If it comes to a party's attention that information or items that it designated for

6    protection do not qualify for protection at all, or do not qualify for the level of

7    protection initially asserted, that party shall promptly notify the Receiving Party

8    that it is withdrawing the mistaken designation.

9   **5.    PERSONS WITH ACCESS TO PROTECTED MATERIALS**

10        5.1.    Persons with Access to Protected Material Designated as CONFIDENTIAL

11        Unless otherwise ordered by the court or permitted in writing by the Producing

12        Party, a Receiving Party may disclose any Protected Material designated as

13        CONFIDENTIAL only to:

14            5.1.1.  two designated House Counsel for Sumitomo/Valent (Kenji Ohno and

15                    Dugal Sickert) and two designated House Counsel for Syngenta (Marian

16                    Flattery and Elizabeth Quarles);

17            5.1.2.  the Receiving Party's Outside Counsel of record in this Action, as well as

18                    employees of said Outside Counsel working solely in legal, secretarial,

19                    clerical, and paralegal capacities and who are assisting those attorneys in

20                    this Action, and persons working for outsourced litigation support services

21                    for the purposes of this Action;

22            5.1.3.  authors, creators, addressees, and recipients of the Protected Material, who

23                    prior to the Action, lawfully received or had access to the Protected

24                    Material, including  the officers, directors, or employees (including House

25                    Counsel) of the Producing Party;

26            5.1.4.  expert witnesses or consultants and the employees or agents of such experts

27                    or consultants who are assisting them for the purposes of this Action,

28                    retained by the Receiving Party's Outside Counsel in connection with this

1    Action after compliance with the procedures of § 5.2.2 of this Protective

2    Order;

3    5.1.5.  stenographers, videographers, and their staffs retained for this Action;

4    5.1.6.   the Court and its personnel, and

5    5.1.7.  no more than three (3) officers, directors, or employees (excluding House

6    Counsel) of a Party, Syngenta Limited, Syngenta Crop Protection AG, or

7    Syngenta Crop Protection Münchwilen AG, whose cooperation or

8    assistance is reasonably necessary to enable the Party's Outside Counsel to

9    prepare for trial in this Action, provided that such persons do not have job

10    responsibilities related to sales or marketing.  The Receiving Party shall

11    identify the positions held within the Receiving Party by title or other

12    descriptive means, in writing, to the Producing Party at least five (5)

13    business days prior to the first disclosure of such Protected Material to such

14    individual persons.

15    5.2.    Persons with Access to Protected Material Designated as HIGHLY

16    CONFIDENTIAL

17    Unless otherwise ordered by the court or permitted in writing by the Producing

18    Party, a Receiving Party may disclose any Protected Material designated as

19    HIGHLY CONFIDENTIAL only to:

20    5.2.1.  the persons identified in §§ 5.1.1 through 5.1.6 above; and,

21    5.2.2.  Persons for Whom A Signed Declaration and Agreement to be Bound by

22    Protective Order is Required

23    Prior to disclosure of any Protected Material to any person who is not a Party, such

24    as a person to be designated under § 5.1.4 or to any prospective expert witness or

25    consultant retained for this Action (hereinafter referred to as "Expert"), such

26    Expert will comply with the notification procedure set forth in §5.3 below.  Before

27    disclosure of any Protected Material subject to this Protective Order is made to

28    such Expert, outside of an actual deposition of such Expert, Outside Counsel for

- 8 -

1    the Receiving Party seeking to disclose such information shall obtain a written

2    Declaration and Agreement to be Bound by Protective Order, in the form attached

3    hereto as Exhibit A, from each Expert to whom disclosure is intended to be made

4    so that such Expert shall acknowledge that any Document or testimony that has

5    been designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY

6    CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY is subject to this

7    Protective Order, that the Expert has read and understood this Protective Order,

8    that such Expert agrees to comply with, and be bound by, this Protective Order,

9    and that such Expert is aware that contempt sanctions may be entered for violation

10   of this Protective Order.  All original signed forms of Declaration and Agreement

11   to be Bound by Protective Orders shall be maintained by the Counsel who obtained

12   such agreement at least until the Termination of this Action.

13   5.3.   Notification Required Prior to Disclosures to Experts

14   Prior to disclosure of any Protected Material to any person intended to serve as an

15   Expert in this Action, as described in § 5.1.4, the following conditions must first be

16   met:

17   5.3.1.   Outside Counsel for the Receiving Party wishing to disclose Protected

18   Material to such Expert must notify the Producing Party's Counsel in

19   writing of the intent to disclose Protected Material.  Such notice must

20   include:

21   5.3.1.1.   a copy of the written Declaration and Agreement to be Bound by

22   Protective Order in compliance with § 5.2.2, executed by the

23   Expert;

24   5.3.1.2.   a true and accurate copy of the Expert's current curriculum vitae or

25   resume describing his or her present and past ten (10) years of

26   employment, including all consulting agreements or arrangements

27   during this period.  If the curriculum vitae or resume does not

28   include the following information, a supplemental disclosure must

be provided which includes (1) the Expert's full name and the address of his primary residence, (2) the Expert's current employer(s), (3) a list of all persons or entities from whom the Expert has received compensation for work in his area of expertise or to whom he has provided professional services at any time during the preceding five (5) years, and (4) a list of all cases in which the Expert has testified at a deposition or trial in the last five (5) years;

5.3.1.3.   a statement indicating whether or not the Expert was a past employee or is a current shareholder of (1) a Party, (2) any subsidiaries of a Party, or (3) any company that, as far as the Expert is aware, performed services under a joint development or collaboration with a Party in the preceding five (5) years.

5.3.2.   No disclosure of Protected Material to the Expert shall occur until five (5) calendar days after all of the requirements set forth in § 5.3 have been met. If the Producing Party objects in writing within this five-day period, and such written objection sets forth in detail the grounds on which it is based, no disclosure of Protected Material shall be made to that Expert.

5.4.   If the Producing Party objects to the disclosure, the Producing Party and the Receiving Party who wishes to make the disclosure must meet and confer to try to resolve the matter. If no agreement is reached, the Producing Party may move the Court requesting that the disclosure not be permitted, and it shall be the burden of the Producing Party to show that the disclosure should not be made. Such motion must be filed and served within ten (10) calendar days of the written objection to disclosure; failure to so move during this ten-day period will be deemed a waiver of the Producing Party's objections.

5.5.   Persons with Access to Protected Material Designated as HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY

Unless otherwise ordered by the court or permitted in writing by the Producing

Party, a Receiving Party may disclose any Protected Material designated as

HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY only to:

5.5.1.  the persons identified in §§ 5.1.2 through 5.1.6 above, provided the

provisions of §§ 5.2.2, 5.3 and 5.4 are complied with.

6.      **MARKING OF PROTECTED MATERIAL**

6.1.    All Documents produced by any party shall be numbered (e.g., Bates numbered)

using a prefix bearing the party's name or an abbreviation thereof, such as an

acronym or the first three letters of its name so long as the abbreviation differs

from all other names/abbreviations.  The prefix should be used on a consistent

basis and in a manner which makes clear the identity of the Producing Party.

Confidential Information shall be designated as either CONFIDENTIAL, HIGHLY

CONFIDENTIAL or HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS'

EYES ONLY within the meaning of this Protective Order in the following manner:

6.1.1.  <u>Documents</u>: Any Document produced during discovery or otherwise

disclosed in this Action, and any information contained therein, may be

designated by the Producing Party as CONFIDENTIAL, HIGHLY

CONFIDENTIAL or HIGHLY CONFIDENTIAL: OUTSIDE

ATTORNEYS' EYES ONLY by affixing the legend "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: OUTSIDE

ATTORNEYS' EYES ONLY" prior to production, service, or filing.  Such

legend shall be placed in a prominently visible location upon the first page

of the Document containing Confidential Information and upon each page

within such Document considered to contain Confidential Information.

6.1.2.  <u>Magnetic or Optical Media Documents</u>: Where a Document is produced in

a magnetic medium (such as a floppy diskette or tape), an optical medium

(such as a compact disc (CD) or digital versatile disc (DVD)), or other

medium of data storage, the cartridge, reel, or medium container shall be

1     marked with the appropriate legend as described in § 6.1.1 above.  If the

2     Receiving Party prints any information contained on the media, such

3     printouts will be marked by the Receiving Party in the manner described in

4     § 6.1.1.

5     6.1.3. <u>Tangible Items</u>: Where a physical exhibit or other tangible item is produced,

6     designation shall be made by marking the item in a prominently visible

7     location as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or

8     "HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY" if

9     practicable or, if not practicable, by placing such marking prominently on a

10     package or container associated with the item.

11     6.1.4. <u>Discovery Responses</u>: Where Confidential Information is incorporated into

12     written answers to interrogatories, document requests or responses to

13     requests for admission, a designation shall be made by placing in a

14     prominently visible location on the first page and all subsequent pages

15     containing the Confidential Information the legend "CONFIDENTIAL,"

16     "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: OUTSIDE

17     ATTORNEYS' EYES ONLY."

18     6.1.5. <u>Originals</u>: Where original files and records are produced for inspection, no

19     marking need be made by the Producing Party in advance of the inspection.

20     For the purposes of the inspection, all Documents or items produced shall

21     be considered as designated "HIGHLY CONFIDENTIAL: OUTSIDE

22     ATTORNEYS' EYES ONLY."  Thereafter, upon selection of specified

23     Documents for copying by the Receiving Party, the Producing Party shall

24     mark the copies of such Documents as may contain Confidential

25     Information in accord with §§ 6.1.1 - 6.1.2 of this Protective Order at the

26     time the copies are produced to the Receiving Party.

27

28

6.1.6.  <u>Testimonial Documents</u>:  Where a Producing Party introduces an affidavit, declaration, expert report, or other written witness testimonial, designation shall be made as provided by § 6.1.1.

6.1.7.  <u>Court Filings</u>: Any Document, pleading, or tangible item which contains Confidential Information, if filed or submitted to the court, shall be designated as provided in § 6.1.1. and filed under seal pursuant to the provisions of Local Rule 79-5.

6.1.8.  <u>Deposition Testimony</u>: Designation of portions, or the entirety, of deposition transcripts (including exhibits) as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY" shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by Counsel for the deponent within fourteen (14) business days after Counsel's receipt of the transcript.  Until the expiration of the fourteen (14) business day time period, deposition transcripts will be treated by the Parties as "HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY," in their entirety.  Upon designation of the transcript or a portion thereof on the record during the deposition, the Producing Party shall be allowed to exclude all persons to whom access to Protected Material has been denied under the terms of this Protective Order for the portion of the deposition that contains Protected Material.  The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition which has been stated to contain Confidential Information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the court, and to Counsel for the Parties bound by the terms of this Protective Order.  Designations made within fourteen (14) business days after receipt of a transcript of a deposition shall be made by sending written notice (by

facsimile or email if possible) to the Court Reporter, to Counsel for all Parties to this Action, and to any other person known to have a copy of said transcript. The notice shall reference this Protective Order and identify the pages and/or exhibits or the transcript so designated. All copies of transcripts thus designated shall be marked with a notice indicating the confidentiality of the material therein and shall be governed by the terms of this Protective Order.

7.  **PROCEDURES GOVERNING HANDLING OF PROTECTED MATERIAL**

Protected Material must be stored and maintained by a Receiving Party at a secure location and in a secure manner at all times to ensure that access is limited to the persons authorized under this Protective Order. Upon Termination of this Action, a Receiving Party must comply with the Provisions of § 13.

8.  **CORRECTION OF INADVERTENT FAILURE TO DESIGNATE**

If, through inadvertence, a Producing Party provides to a Receiving Party any information pursuant to this Action without designating the information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY" information, the Producing Party may subsequently inform the Receiving Party of the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY" nature of the disclosed information, and the Receiving Party shall immediately treat the disclosed information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY" information upon receipt of such written notice. To the extent the Receiving Party has already disclosed such information, such disclosure shall not be a violation of this Protective Order, but the Receiving Party shall promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and shall destroy or return them to the Producing Party.

9.  **SCOPE OF PROTECTIVE ORDER**

The restrictions set forth in this Protective Order will not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which comes into the possession of or becomes known to the Receiving Party or comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party, its employees, or agents which would be in violation of this Protective Order. If such information known to or possessed by the Receiving Party or the public is subsequently or previously designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY" in this Action, the Receiving Party must provide ten (10) days' advance written notice to the Producing Party of the pertinent circumstances before the restrictions of this order will be inapplicable to such materials.

10. **CONTESTING DESIGNATION OF CONFIDENTIALITY**

Acceptance by a Party of Protected Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY" shall not constitute a concession that the Protected Material contains Confidential Information. Any Party or interested member of the public may contest a claim of confidentiality. If the Receiving Party disagrees with the designation and marking by the Producing Party of any material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY" then the Parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between Counsel, then such dispute may be presented to the Court by any Party by motion or otherwise. In the resolution of such matter, the burden of establishing that the material contains Confidential Information shall be on the Producing Party, but information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS'

EYES ONLY" shall be treated as such by the Receiving Party until the matter is resolved.

11. **NO LIMITATION OF OTHER RIGHTS**

This Protective Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.  Further, nothing in this Protective Order prevents a Party from disclosing its own documents and information as it sees fit.

12. **RELIEF FROM, MODIFICATION, OR ENFORCEMENT OF THIS ORDER.**

This Protective Order shall not prevent any Party or interested member of the public from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

13. **RETURN OF CONFIDENTIAL INFORMATION.**

At the Termination of this Action, all Protected Material received from a Producing Party, and all copies thereof, upon the Producing Party's written request, shall be returned to Counsel for the Producing Party, or, and at the Producing Party's option, destroyed by Counsel for the Receiving Party.  In the case where the latter option is used, within thirty (30) days of the Termination of this Action, Counsel for the Receiving Party shall notify Counsel for the Producing Party, in writing, verifying that such destruction has taken place.  The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, Protected Material produced hereunder to a Receiving Party shall continue to be binding on such Receiving Party after the Termination of this Action.

14. **DISCOVERY FROM THIRD PARTIES.**

If discovery is sought of a Party or person not a Party (a "Third Party") requiring

disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY" information of a Third
Party, the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY" information of such Third
Party will be accorded the same protection as the Parties' "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES
ONLY" information, and will be subject to the same procedures as those governing
disclosure of the Parties' "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY" information
pursuant to this Protective Order.

**15.    ATTORNEY ADVICE TO CLIENT**

This Protective Order shall not bar Counsel in the course of rendering advice to his
or her client with respect to this Action from conveying to any Party client an evaluation
in a general way of Protected Material produced or exchanged under this Protective Order;
provided, however, that in rendering such advice and otherwise communicating with the
client, Counsel shall not disclose the specific contents, directly or indirectly, of any
Protected Material produced under this Protective Order, which disclosure would be
contrary to the terms of this Protective Order.

**16.    PRIVILEGED COMMUNICATIONS**

Privileged communications of any Counsel or Party client herein with respect to
this Action that are dated on or after the date of the filing of the original Complaint in this
Action need not be identified on any privilege log.  Production of Protected Material
(including physical objects) to the Receiving Party shall not constitute a waiver of the
attorney-client privilege or work product immunity, if corrective measures in accordance
with this section are promptly taken.  Any Producing Party that mistakenly produces
privileged materials may obtain the return of those materials after discovering the
inadvertent production, by promptly notifying the Receiving Party of the privilege and
providing a privilege log for any such materials that are dated prior to the filing of the

1   original Complaint.  The Receiving Party shall then gather and return all copies of the

2   privileged material to the Producing Party.

3   **17.**   **OUTSIDE PARTY DISCOVERY REQUESTS FOR PROTECTED MATERIALS**

4   If any Protected Material received under this Protective Order and in the

5   possession, custody, or control of any Receiving Party are sought by subpoena, request for

6   production of documents, interrogatories, or any other form of discovery request or

7   compulsory process, including any form of discovery request or compulsory process of

8   any court, administrative, regulatory or legislative body, or any other person or tribunal

9   purporting to have opportunity to seek such information by compulsory process or

10  discovery request, including private parties, the Receiving Party to whom the process or

11  discovery request is directed shall (i) within five (5) business days after receipt thereof,

12  give written notice by hand or facsimile of such process or discovery request together with

13  a copy thereof, to Counsel for the Producing Party; (ii) cooperate to the extent necessary to

14  permit the Producing Party to seek to quash such process or discovery request; and (iii)

15  not produce or disclose the Protected Material until the Producing Party consents in

16  writing to production or the Receiving Party is ordered by a court of competent

17  jurisdiction to produce or disclose the Protected Material, so long as the order is not stayed

18  prior to the date set for production or disclosure.

1

## STIPULATION

2    It is hereby stipulated that the foregoing Protective Order may be made and entered by the

3    Court. It is further stipulated that the Parties will abide by this Protective Order from the date of

4    execution of this Stipulation by counsel for all of the Parties. The Parties, through their

5    undersigned counsel, respectfully request that the Court enter this stipulation as an Order.

6    **SO STIPULATED:**

7    Dated:     July 28, 2008           AKIN GUMP STRAUS HAUER & FELD LLP

8

9                                       By: /s/ Reginald D. Steer

10                                          Reginald D. Steer

11                                       Attorney for Plaintiffs Valent U.S.A.
                                         Corporation and Sumitomo Chemical
12                                       Company, Ltd.

13

14   Dated:     July 28, 2008           FINNEGAN, HENDERSON, FARABOW,
                                        GARRETT & DUNNER, L.L.P.

15

16                                       By: /s/ Erik R. Puknys

17                                          Erik R. Puknys

18                                       Attorney for Defendant Syngenta Crop
                                         Protection, Inc.

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 08-CV-0720 VRW
DSMDB-2476796v01

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ORDER</u>

**PURSUANT TO STIPULATION,  IT IS SO ORDERED.**

DATED:_____, 2008

_____

HONORABLE VAUGHN R. WALKER
CHIEF JUDGE

- 20 -

1

**EXHIBIT A**

2

**DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

3
I, _____, declare and state under penalty of perjury that:

4
I have read and reviewed in its entirety, and understand the annexed Protective Order

5
("Protective Order") that has been signed and entered in this Action.

6
I have been retained by [Party]_____ as a [role]

7
_____ for this Action.

8
I hereby agree to be bound by and comply with the terms of the Protective Order, and not

9
to disseminate or disclose any information subject to the Protective Order that I either review or

10
about which I am told, to any person, entity, party, or agency for any reason, except in accordance

11
with the terms of this Protective Order.

12
I am aware that if I violate the provisions of this Protective Order, the Court may order the

13
entry of contempt sanctions against me.

14
I further agree to submit to the jurisdiction of this Court for the purposes of enforcement

15
of the terms of this Protective Order.

16
DATED this ____ day of _____, 200__.

17

18
_____

(**Signature**)

19
_____

20
(**Typed Name**)

21
_____

(**Title**)

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 08-CV-0720 VRW
DSMDB-2476796v01

1
2
3

## Certificate of Service

4
5
6

    The undersigned hereby certifies that on July 28, 2008, she served a copy of the

7

foregoing PROTECTIVE ORDER FOR JURISDICTIONAL DISCOVERY by electronic mail to

8

the persons hereinafter named, at the place and address stated below:

9
10

Barbara Clarke McCurdy
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue NW
Washington, DC 20001-4413
E-mail: barbara.mccurdy@finnegan.com

11
12
13

Eric Raymond Puknys
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
3300 Hillview Avenue
Palo Alto, CA 94304
E-mail: erik.puknys@finnegan.com

14
15
16

Michael John Flibbert
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue NW
Washington, DC 20001-4413
E-mail: michael.flibbert@finnegan.com

17
18
19

Michael J. Leib
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue NW
Washington, DC 20001-4413
E-mail: michael.leib@finnegan.com

20
21
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER
CASE NO. 08-CV-0720 VRW

1    Jennifer A. Johnson
2    Finnegan Henderson Farabow Garrett & Dunner
3    901 New York Ave., NW
     Washington, DC 20001
4    E-mail: jennifer.johnson@finnegan.com

5    Attorneys for Defendant Syngenta Crop Protection, Inc.

6

7                                              /s/ Kimberly R. Parke
8                                              Kimberly R. Parke

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                        - 2 -
28